F. L. VOLIVA HARDWARE CO. v. W. C. KINION.

(Filed 17 February, 1926.)

**Contracts—Bills and Notes—Chattel Mortgages—Fraud—Parol Evidence.**

Where the validity of a note secured by chattel mortgage is attacked for fraud in an action thereon, parol evidence is competent to prove the allegation, and is not incompetent under the objection that it tends to vary or contradict the writing.

APPEAL by defendant from *Calvert, J.,* at October Term, 1925, of BEAUFORT.

Civil action to recover on a note executed by defendant to plaintiff and to foreclose a chattel mortgage given to secure the payment thereof.

Upon denial of liability, based on an allegation of fraud in procuring the execution of said note and mortgage, there was a verdict and judgment for plaintiff, from which defendant appeals, assigning errors.

*J. D. Paul, Tooly & McMullan and Manning & Manning for plaintiff. Thomas S. Long and Wiley C. Rodman for defendant.*

STACY, C. J.   On 8 June, 1922, plaintiff held a judgment against the defendant for $200 upon which execution had been issued and was then in the hands of the sheriff of Beaufort County.   Plaintiff testified that, in consideration of withdrawing the execution and as further security for its judgment debt, the defendant executed his note, on the date above mentioned, due 11 November thereafter, for $220.53, being the amount of said judgment with interest and costs, together with a chattel mortgage to secure the payment of same at maturity.   This suit is to recover on said note and to foreclose the chattel mortgage given as security therefor.

The defendant alleges in defense and by way of counterclaim that the real consideration for said note and mortgage was the agreement on the part of the plaintiff to cancel its $200 judgment, which at that time was a lien against defendant's land, and thus enable him to negotiate a loan of sufficient amount to care for all his obligations including several mortgages on his farm, and that by reason of plaintiff's failure and refusal to carry out its agreement—which defendant alleges was fraudulently made as a means to induce him to execute the note and mortgage now in suit—the defendant was unable to negotiate the loan which he otherwise would have effected, and as a consequence of plaintiff's fraud and deceit the defendant alleges that he has lost several thousand dollars in not being able to save his farm from sale under mortgage, etc.

Most of the evidence offered by the defendant to show his defense and counterclaim was excluded on the hearing for the reason, we apprehend, that it was in conflict with the written instrument, and therefore thought to be incompetent, resting as it does in parol.   *DeLoache v. DeLoache,* 189 N. C., p. 399; *Exum v. Lynch,* 188 N. C., 392.   The rule that no verbal agreement between the parties to a written contract, made before or at the time of the execution of said contract, is admissible to vary its terms or to contradict its provisions (*Ray v. Blackwell,* 94 N. C., 10), well established and controlling in proper cases; (*Walker v. Venters,* 148 N. C., 388), has no application where the validity of the written instrument, as here, is challenged on the ground of fraud.   *Furst v. Merritt,* 190 N. C., 397.   The instrument itself is the subject of dispute.

There was error in excluding the defendant's evidence, in consequence of which a new trial must be awarded, and it is so ordered.

New trial.