UNITED STATES LEASING CORPORATION, A CORPORATION v. FRED THOMAS HALL T/A HALL SUPPLY COMPANY AND MATHIAS BUSINESS EQUIPMENT COMPANY, INC., ADDITIONAL PARTY DEFENDANT.

(Filed 24 March, 1965.)

1. **Chattel Mortgages and Conditional Sales § 1; Lease of Equipment § 1— Instrument held lease agreement and not conditional sale.**

   Defendant, a prospective purchaser of a business machine, expressed a preference to rent the equipment rather than purchase it, and pursuant thereto the parties executed an agreement under which the additional defendant purported to sell to the plaintiff and defendant agreed to pay plaintiff rent in a stipulated amount monthly for a period of five years, with provision that at the expiration of the term he would surrender the machine to plaintiff. *Held:* There being no contention that defendant was induced to sign the lease by misrepresentation or fraud or that he was unfamiliar with its terms and conditions, the instrument constitutes a lease and not a chattel mortgage or conditional sale, and parol evidence that the instrument was intended as a conditional sale is incompetent.

2. **Evidence § 27—**

   It will be presumed that all prior negotiations are merged in the written instrument, and parol evidence is not admissible to contradict, add to, take from, or vary the terms of the writing.

3. **Lease of Equipment § 2—**

   Where a lease of business equipment makes no provision that lessee might recover damages because of any defect in the equipment at the time of delivery and that lessee should give lessor written notice of any defect within five days or it would be conclusively presumed that the equipment was delivered in good repair, lessee is not entitled to damages or replacement as against lessor for an asserted defect or misrepresentation as to the condi-

tion of the machinery at the time of delivery, no notice of any defect having been given lessor as required by the instrument.

**4. Same;    Principal and Agent § 2—**

Upon statement of the original defendant that he would rather lease than purchase the business equipment in question, the additional defendant sold it to plaintiff and plaintiff leased it to the original defendant. The original defendant filed cross action alleging that the additional defendant misrepresented that the equipment had been reconditioned and that the agent making the misrepresentation was the agent of both plaintiff and the original defendant, *held* in the absence of evidence to support the allegations of double agency plaintiff may not be held liable in damages for the misrepresentation.

**5. Fraud § 11;    Sales § 15—**

Upon the statement of the original defendant that he would rather lease than purchase the business equipment in question, the additional defendant sold it to plaintiff and plaintiff leased it to the original defendant. Evidence of the original defendant that he was induced to execute the agreement by the misrepresentation of the additional defendant that the equipment had been reconditioned *is held* sufficient to support findings against the additional defendant on the original defendant's cross action.

**6. Appeal and Error § 49—**

Where, in the trial by the court under agreement of the parties, the judgment of the court erroneously includes an item not recoverable as damage and fails to consider certain evidence relative to waiver because of a misapprehension of the applicable law, a new trial will be awarded.

APPEAL by plaintiff and additional party defendant from *Phillips, E.J.,* 21 September 1964 Regular Schedule "D" Nonjury Session of MECKLENBURG.

This is an action instituted by the plaintiff against the defendant Hall, trading as Hall Supply Company (hereinafter called Hall), for rent alleged to be due under the terms of a lease agreement.

Defendant Hall filed answer denying the material allegations of the complaint, set up a counterclaim and cross action against plaintiff and Mathias Business Equipment Company, Inc., and moved to have the latter made an additional party defendant. The· motion was allowed.

In his cross action, defendant Hall alleged that the plaintiff and the additional defendant, acting through their common agent R. W. Mathias, sold to defendant Hall an alleged reconditioned Model 241 Davidson Offset Duplicator for a balance of $1,500.00, taking in exchange therefor a Gestetner Duplicating Machine; that the additional defendant agreed "to have the unpaid balance of $1,500.00 on the Offset Duplicator financed for a period of five years"; that plaintiff took a chattel mortgage for the unpaid balance; that by false representations in the sale and financing, the plaintiff and the additional defen-

dant obtained from defendant Hall $477.97, for which he demanded judgment.

The parties waived a jury trial and the matter was heard by the trial judge. After hearing the evidence, the trial judge found the facts, made his conclusions of law and entered judgment accordingly.

The plaintiff offered and the court below admitted in evidence the affidavit of Mr. H. H. Eastman, pursuant to the provisions of G.S. 8-45, with exhibits attached thereto, including a copy of the lease agreement held by the plaintiff, and a statement of the rent alleged to be due and unpaid. Mr. Eastman is Assistant Treasurer of United States Leasing Corporation.

Defendant Hall offered evidence tending to show that the additional defendant sold him the Davidson Offset Duplicator prior to 13 October 1961, and that the additional defendant did not own the machine on 18 October 1961, the day the additional defendant purported to sell said machine to the plaintiff in connection with the lease agreement. Defendant Hall further offered evidence tending to show that the machine had not been reconditioned and was not in satisfactory operating condition as warranted by the additional defendant; that it would cost from $150.00 to $200.00 to put the machine in "reconditioned" condition as represented by the agent of the plaintiff and the additional defendant.

R. W. Mathias, president of additional defendant, testified that he agreed that if defendant Hall would purchase the Davidson Offset Duplicator for $1,500.00, he (Mathias) would take up the Gestetner machine, previously purchased by Hall from the additional defendant, and pay the balance due thereon to the American Guaranty Corporation, the original lessor; that this was to be a separate transaction. "I took possession of the Gestetner by paying his obligation to American Guaranty. I did that if he would purchase the Davidson machine, which he did. * * * A few days, it may have been four days or may have been two weeks, before October 13, 1961, I took to Hall to sell to him a Davidson offset printer and delivered it to 908 South Cedar Street. I was selling the machine to Mr. Hall. In other words, it was an agreement. He would buy the machine if it would do what he wanted it to do and at that time we would decide on what settlement he would care to make for the machine. We would decide how he would pay for it. * * *" This witness further testified: "Mr. Hall agreed that he would prefer to go through U. S. Leasing or lease the equipment from U. S. Leasing Co. and I secured the forms and carried the ball from there."

On 13 October 1961, Hall signed a lease agreement whereby plaintiff, United States Leasing Corporation, purported to buy the recondi-

tioned machine from the additional defendant and pay it $1,500.00 and lease said machine to Hall for a monthly rental of $35.54. The evidence tends to show that Hall agreed to pay the monthly rental of $35.54 for a period of five years and at the end of the term surrender the machine to the plaintiff. Hall also agreed to maintain the machine.

In the lease executed by defendant Hall on 13 October 1961, the United States Leasing Corporation is designated as lessor, Hall Supply Company as lessee, Mathias Business Equipment Company, Inc. as supplier of the equipment, and R. W. Mathias as the supplier's salesman. The lessor executed the agreement on 31 October 1961.

Among other things, the lease contains the following statements and conditions:

"4. WARRANTIES. Lessor will request the supplier to authorize lessee to enforce in its own name all warranties, agreements or representations, if any, which may be made by the supplier to lessee or lessor, but lessor itself makes no express or implied warranties as to any matter whatsoever, including, without limitation, the condition of equipment, its merchantability or its fitness for any particular purpose. No defect or unfitness of the equipment shall relieve lessee of the obligation to pay rent or of any other obligation under this lease.

"10. NOTICE OF DEFECTS. Unless lessee gives lessor written notice of each defect or other proper objection to an item of equipment within five (5) business days after receipt thereof, it shall be conclusively presumed, as between lessee and lessor, that the item was delivered in good repair and that lessee accepts it as an item of equipment described in this lease.

"26. ENTIRE AGREEMENT; WAIVER. This instrument constitutes the entire agreement between lessor and lessee. No agent or employee of the supplier is authorized to bind lessor to this lease, to waive or alter any term or condition printed herein or add any term or condition printed herein or add any provisions hereto. Except as provided in Paragraph 3 hereof, a provision may be added hereto or a provision hereof may be altered or varied only by a writing signed and made a part hereof by an authorized officer of lessor. Waiver by lessor of any provisions hereof in one instance shall not constitute a waiver as to any other instance."

The lease also contains the following language immediately above the signature of defendant Hall: "The undersigned agree to all the terms and conditions set forth above and on the reverse side hereof, and in witness thereof hereby execute this lease."

At the close of all the evidence, the court below being of the opinion ·that the lease was in fact a conditional sale, nonsuited the plaintiff and allowed Hall's counterclaim, based on the misrepresentations of the plaintiff and the additional defendant, in the sum of $477.97, and entered judgment accordingly.

. The plaintiff and the additional defendant appeal, assigning error.

*Fairley, Hamrick, Hamilton & Monteith; Laurence A. Cobb attorneys for plaintiff appellant.*
*James A. Carson, Jr., attorney for additional defendant appellant.*
*Richard M. Welling attorney for defendant appellee.*

DENNY, C.J.   The plaintiff and the additional defendant assign as error the finding of the court below that the contract between the plaintiff and defendant Hall is a chattel mortgage agreement and not a lease.

The evidence, in our opinion, is insufficient to support such a finding. While defendant Hall alleged in his counterclaim and cross action that R. W. Mathias brought to him for execution the "papers * * * for their finance of conditional sale agreement for payment in equal monthly installments of the $1,500.00, together with interest and carrying charges, over a five-year period, 60 months," the defendant Hall did not allege that he was induced to sign said lease agreement because of misrepresentations made by the plaintiff or the additional defendant, or that he was unfamiliar with the terms and conditions of said lease, or that by reason of fraud the lease agreement did not express the true intention of the parties.

Conceding that the additional defendant agreed to sell to defendant Hall the equipment involved herein for $1,500.00, the evidence, we think, tends to show that after Hall had received the equipment and when he came to consider the method to be used in financing the purchase price of $1,500.00, he expressed a preference to rent the equipment rather than purchase it, and that the additional defendant, in accord with such expressed preference, proceeded to arrange the sale to plaintiff with the understanding that plaintiff would lease the equipment to Hall. Such arrangement was perfected and Hall executed the lease agreement. This assignment of error is sustained.

The plaintiff likewise assigns as error the admission of parol evidence to contradict the terms of the aforesaid lease. It is a well established principle of law that all negotiations leading up to the execution of a written instrument are considered to be merged into the written instrument. Parol evidence is not admissible to contradict, add to, take from, or vary the terms of a written contract. *Bank v. Slaugh-*

*ter,* 250 N.C. 355, 108 S.E. 2d 594; *Neal v. Marrone,* 239 N.C. 73, 79 S.E. 2d 239; *Wilkins v. Finance Co.,* 237 N.C. 396, 75 S.E. 2d 118; *Bost v. Bost,* 234 N.C. 554, 67 S.E. 2d 745.

In *Wilkins v. Finance Co., supra,* the written agreement required the plaintiff to carry collision insurance on the automobile purchased from C. W. Myers Trading Post, Inc., so long as any indebtedness on the note given by the plaintiff for the balance of the purchase price remained unpaid. Such note was secured by a chattel mortgage on the car involved. The note was assigned to defendant Finance Company. The plaintiff contended he had a parol agreement with the Motor Company to carry collision insurance on said car which had been involved in a collision, and the court permitted him to introduce parol testimony to that effect. The purchaser had obtained no insurance on the car. This Court said: "This case is much simplified when the judicial gaze is focused steadily on the crucial circumstances that the pleadings of the plaintiffs do not allege that the execution of these documents was procured by fraud, or that, by reason of fraud, they do not express the true intention of the parties. *Willett v. Insurance Co.,* 208 N.C. 344, 180 S.E. 580; *Hill v. Insurance Co.,* 200 N.C. 502, 157 S.E. 599; *Hardware Co. v. Kinion,* 191 N.C. 218, 131 S.E. 579. * * *

"The pleadings of the plaintiffs do not attack the written instruments for fraud or other invalidating cause. This being true, it must be conclusively presumed under the evidence and pleadings in this particular case that the writings supersede the oral agreements of the parties and express their actual engagements. * * *"

This assignment of error is sustained.

The appellants further assign as error the allowance of Hall's counterclaim in the sum of $477.97, based on misrepresentations of the plaintiff and the additional defendant.

There are certainly no misrepresentations or fraudulent conduct alleged with respect to the execution of the lease agreement, nor are there any misrepresentations as to the condition of the equipment except as to the additional defendant.

In the lease agreement between the plaintiff and the defendant Hall there is no provision that gives defendant Hall any right to recover from the plaintiff for damages because of any defect in the leased equipment at the time of its delivery. The lease agreement expressly provides: "Unless lessee gives lessor written notice of each defect or other proper objection to an item of equipment within five (5) business days after receipt thereof, it shall be conclusively presumed, as between the lessee and lessor, that the item was delivered in good repair and that lessee accepts it as an item of equipment described in this lease."

The defendant Hall testified that he never at any time gave the plaintiff written notice of any defect in the equipment described in the lease.

The defendant Hall further testified that in April 1962, about six months after delivery of the equipment to him, he told Mr. Mathias that he had decided not to make any further payments on the machine, and had not used the machine since that time. Even so, on 14 April 1962 he paid plaintiff $107.62 as rent under the terms of the lease; on 15 August 1962 he made another payment to the plaintiff under the terms of the lease in the sum of $109.50; and on 5 February 1963 he made an additional payment to the plaintiff in the sum of $106.62. Therefore, while the defendant Hall had paid only $106.62 on the machine before he stated that he would make no more payments, he did, in fact, pay to the lessor $323.74 after his refusal to make any more payments.

Moreover, the court below included in its judgment in favor of Hall the sum of $47.61, the amount which defendant Hall had paid to the American Guaranty Corporation, lessor, on 5 July 1961, as rent on the Gestetner duplicator, covering rent therefor for a period of three months, which machine defendant Hall had leased from the American Guaranty Corporation on 2 March 1961 for a period of three years at a rental of $47.61 per quarter. The supplier of that equipment is the additional defendant in this action.

It appears from the evidence that defendant Hall had possession of the Gestetner machine between seven and eight months, but paid only three months' rent thereon, although he testified that he was satisfied with the Gestetner equipment. However, this rental item, paid to the American Guaranty Corporation, lessor, on 5 July 1961, in the sum of $47.61, is included in the judgment against the plaintiff and the additional defendant. We find no evidence which, in our opinion, justified the inclusion of this item in the judgment entered below against these appellants.

There is sufficient evidence to support the finding that the equipment supplied by the additional defendant and leased to defendant Hall had not been reconditioned as represented to Hall by the additional defendant. Even so, in our opinion, the allegations in defendant Hall's cross action to the effect that R. W. Mathias was the agent of plaintiff as well as the agent of the additional defendant, are not supported by the evidence.

There are other assignments of error, but in our opinion it is unnecessary to discuss them since they may not arise on another hearing.

Therefore, we have reached the conclusion that the nonsuit entered as to the plaintiff should be reversed, and that the additional defendant is entitled to a new trial, and it is so ordered.

As to plaintiff — Reversed.
As to additional defendant — New trial.