CAMERON-BROWN CAPITAL CORPORATION v. RALPH W. SPENCER, AND WIFE, RITA SPENCER

No. 7610SC377

(Filed 17 November 1976)

1. Guaranty— creditor's action against guarantor — no prior action against principal debtor

A creditor's cause of action against guarantors of payment ripens immediately upon the failure of the principal debtor to pay the debt at maturity, and the creditor need not have diligently prosecuted the principal debtor without success before seeking payment from the guarantor of payment.

2. Guaranty— action against guarantor — allegation that debt was extinguished — no genuine issue of material fact

In an action to recover on a guaranty agreement executed by defendants, the trial court properly entered summary judgment for plaintiff where defendant failed to show that there was a genuine issue of material fact as to whether the principal debtor's debt to plaintiff was extinguished.

APPEAL by defendants from *McKinnon, Judge.* Judgment entered 30 March 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 15 September 1976.

This is an action to recover on a guaranty agreement executed by defendants.

Plaintiff's allegations, in substance, are as follows: It agreed to loan Tufsonic Corporation $65,000.00. As an inducement for plaintiff to make the loan defendants executed an agreement whereby they guaranteed payment of the loan to the extent of $25,000.00. Tufsonic defaulted in payment of the loan and a sale of its assets was conducted. The sum received by plaintiff from the sale was insufficient to pay the debt. Defendants are obligated to pay plaintiff a portion of Tufsonic's unpaid debt under the terms of the guaranty agreement and refuse to do so.

Defendants admitted plaintiff's loan to Tufsonic and defendants' execution of the guaranty agreement but alleged that Tufsonic's debt to plaintiff had been extinguished.

Plaintiff moved for summary judgment. The motion was supported by an affidavit and statement of account showing that Tufsonic was indebted to plaintiff for $49,667.08, through 31 October 1975.

Defendants' only response was an affidavit, in pertinent part, as follows:

"2. On or about May 13, 1975, pursuant to the demands of Cameron-Brown Capital Corporation, Tufsonic Corporation authorized and granted permission to plaintiff and certain other creditors who were acting in concert, to seize and take possession of all assets of Tufsonic Corporation and plaintiff and such other creditors did proceed to seize and take possession of such assets.

3. Such assets were of a value greatly in excess of $49,667.08 and were of a value greatly in excess of all sums owed to plaintiff by Tufsonic Corporation.

4. The indebtedness of Tufsonic Corporation to plaintiff was thereby extinguished.

Further Affiant saith not.

s/ RALPH W. SPENCER"

Plaintiff's motion for summary judgment was allowed and defendants appealed.

*Poyner, Geraghty, Hartsfield and Townsend, by David W. Long and Cecil W. Harrison, Jr., for plaintiff appellee.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Robert M. Clay and Dan M. Hartzog, for defendant appellants.*

VAUGHN, Judge.

The purpose of the summary judgment procedure provided by Rule 56 of the Rules of Civil Procedure is to ferret out those cases in which there is no genuine interest as to any material fact and in which, upon the undisputed facts, a party is entitled to judgment as a matter of law. The burden is upon the moving party to establish the lack of a triable issue of fact. *Kessing v. National Mortgage Corporation*, 278 N.C. 523, 180 S.E. 2d 823. The denial of a motion for summary judgment may not be based on the adverse party's mere allegations or denials of his pleading. It must be supported by affidavits or as otherwise provided in G.S. 1A-1, Rule 56. The adverse party's response must set forth specific facts showing that there is a genuine issue for trial.

The relevant portion of the guaranty agreement, which the defendants admit having executed, is as follows:

"1. GUARANTORS [defendants] do hereby unconditionally guarantee prompt and immediate payment to CBCC [plaintiff] of the principal and accrued interest as to the loan of CBCC to COMPANY [Tufsonic] under date hereof, as the said principal and accrued interest shall become due and payable by the terms thereof or by the provisions of the Agreement. The foregoing Guaranty of payment shall be deemed a primary and not a secondary obligation of GUARANTORS, payable immediately upon default, or demand, without notice to, or recourse having first been made to or against, the COMPANY, such being hereby expressly waived; it being understood that the Guaranty is an absolute guaranty of payment and not of collection, and is a continuing guaranty and the same shall remain in full force and effect for the full term of the loan, and any extensions or renewals of same; provided, however, that the liability of the GUARANTORS hereunder for the payment of said loan shall not exceed, and shall be limited to, the maximum sum set opposite their respective names, to wit:

| *Guarantors* | *Limit of Liability* |
|---|---|
| Delmar D. Long and wife, Genevieve Long | $25,000.00 |

| Ralph W. Spencer, and wife, Rita Spencer | $25,000.00 |
|---|---|
| TOTAL | $50,000.00 |

2. The GUARANTORS agree that this Guaranty may be enforced by CBCC without the necessity at any time of resorting to or exhausting any other security or collateral and without the necessity at any time of proceeding against the COMPANY for the payment of the Loan. The GUARANTORS further agree, however, that nothing contained herein or otherwise shall preclude CBCC from instituting suit against the COMPANY as to the loan, or from exercising any other rights available to it under the terms of the Agreement or the Note, and the institution of any such suit or the exercise of any such rights shall not constitute a legal or equitable discharge of GUARANTORS, it being the purpose and intent that their obligations hereunder shall be absolute and unconditional under any and all circumstances, subject only to total limitation of their liability not to exceed $50,000.00."

[1]   The language of the Guaranty Agreement is unambiguous. Under the provisions of the agreement the defendants are guarantors of payment. The obligation of a guarantor of payment is separate and independent from the obligation of the principal debtor. The creditor's cause of action against the guarantors ripens immediately upon the failure of the principal debtor to pay the debt at maturity. The creditor need not have diligently prosecuted the principal debtor without success before seeking payment from the guarantor of payment. *Credit Corporation v. Wilson,* 281 N.C. 140, 187 S.E. 2d 752.

[2]   Defendants contend that the affidavit filed by them raises a genuine issue as to whether Tufsonic's debt to plaintiff was extinguished and that resolution of that issue requires passing on the credibility of the affiants. They also contend that the affidavit requires a finding that plaintiff accepted Tufsonic's assets in payment of the debt and is now estopped to proceed against defendants. We cannot sustain those contentions.

The affidavit merely states that Tufsonic surrendered its assets to plaintiff and *other creditors* and that the assets were worth more than was owed Tufsonic. The affidavit, therefore, does not purport to state that Tufsonic surrendered assets to

plaintiff that were of sufficient value to satisfy Tufsonic's debt to plaintiff. More significantly, the affidavit fails to state that plaintiff and Tufsonic agreed that the assets would be accepted in payment of the debt. The bald statement in the affidavit that the indebtedness of Tufsonic to plaintiff "was thereby extinguished" is, therefore, without foundation in fact or law. Consequently, the affidavit filed by defendants adds nothing to the bare denial of the debt in their answer. When faced with plaintiff's motion for summary judgment, properly supported as it was, it was defendants' duty to come forward with specific facts showing that there was a genuine issue for trial. Defendants were unable to come forward with facts showing that the payment they guaranteed had been made. The court, therefore, properly granted plaintiff's motion for summary judgment. The judgment is affirmed.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.