LULA CONRAD HOOTS MEMORIAL HOSPITAL, PLAINTIFF v. BOBBY GRAY HOOTS, JR., DEFENDANT

No. 7823DC471

(Filed 3 April 1979)

**Hospitals § 3— action to recover for hospital services—defense of negligence in providing services**

    Any claim that defendant's wife might have against plaintiff hospital for negligence in providing hospital services for her is not a defense in the hospital's separate action against defendant husband for the value of such services absent evidence that such negligence related directly to a particular service in such a manner as to nullify or diminish the value of such service.

APPEAL by defendant from *Osborne, Judge.* Judgment entered 16 March 1978 in District Court, YADKIN County. Heard in the Court of Appeals on 1 March 1979.

This is a civil action wherein the plaintiff seeks to recover $433.35 from the defendant for hospital services rendered to the defendant's wife. In its complaint, plaintiff alleged, among other things, that "[o]n or about March 21, 1976, the defendant contracted with the plaintiff hospital whereby the defendant agreed to be the party responsible for medical expenses due to plaintiff and incurred during his wife's admission and stay in the said hospital for delivery of their child." The defendant answered, admitting the above quoted allegation, but denying that he owed the hospital any money. As a further defense, the defendant alleged:

    3. That on or about the 21st day of March, 1976 the defendant signed "Conditions of Admission" on behalf of his wife, Connie Sue Hoots.

    4. That impliedly in his agreement with the hospital, part of the consideration was that the plaintiff hospital would treat his wife adequately and within the existing standard of care for similar patients.

    5. That the hospital did not treat the wife of the defendant adquately and, in fact, were negligent in her treatment and thereby breached the agreement between the plaintiff and the defendant.

6. Specifically, the hospital breached the agreement by providing nursing care which was inadequate, by not checking the defendant's wife's progress adequately, and by providing nurses who were negligent in their performing medical services for the defendant's wife, thereby breaching the agreement between the plaintiff and the defendant.

Defendant did not allege any damages, but merely prayed "that the complaint of the plaintiff be dismissed and the cost of this action be taxed against the plaintiff."

On 17 February 1978, plaintiff, pursuant to G.S. § 1A-1, Rule 56, moved for summary judgment and supported its motion by introducing two affidavits. In the first affidavit, Henry T. Agee, Hospital Administrator for the plaintiff, stated that the "services rendered by plaintiff and the charges therefor were as follows: Room and board for four days for Mrs. Hoots, $212.00; nursery room for four days for defendant's child, $96.00; laboratory services, $98.00; drugs, $10.10; delivery room services, $47.00; anesthesia, $47.00; and, medical and surgical supplies, $23.25;" that the defendant has made a partial payment of $100.00 on the total bill of $533.35; and that the hospital has made demand on the defendant for payment of the balance owed, but that defendant has not made any further payments. In the second affidavit, Dr. William L. Wood, the physician who delivered the child of Connie Sue Hoots, wife of defendant, stated:

During the delivery of Mrs. Hoots' child, the procedures employed by plaintiff's staff were normal, adequate and within the existing standard of care for similar patients, and no complications were encountered during delivery of the child. The baby was delivered in good health, and both the child and mother were in good health following the delivery.

The treatment and procedures used by plaintiff's staff during Mrs. Hoots' post-operative care were normal, adequate and within the existing standard of care for similar patients, and no complications were encountered during this period. Mrs. Hoots made no complaints following the delivery, and was released by me on March 25, 1976, with a discharge diagnosis of "improved."

The consequence of leaving a sponge or gauze inside the woman is simply that it will pass naturally from her vaginal tract sometime thereafter with no harmful effects. Such sponge or gauze can be easily and safely removed by a physician at a routine checkup subsequent to the patient's discharge from the hospital, if it has not passed prior to that time.

The defendant did not rest on its pleadings, but introduced the affidavit of Connie Sue Hoots in opposition to plaintiff's motion. This affidavit contained the following:

2. That on or about the 21st day of March, 1976 I was admitted to the Lula Conrad Hoots Memorial Hospital for delivery of a child and that my attending physician was Dr. William L. Wood.

3. That some weeks after the delivery of my child I began to have an elevated temperature, headaches, and I and others noticed a fetid odor about my person. That some days later I passed what appeared to be a surgical sponge and some days after that I passed more matter which appeared to be gauze. Dr. Paul Grant, who worked in the same office with Dr. Wood, kept the last matter I passed.

4. That before the gauze was passed I felt sick for some weeks and the odor was extremely embarrassing, and I do not want to have any more children because of this incident.

5. That furthermore, before the delivery the hospital did not check my progress and Dr. Wood was late in arriving in the delivery room and he only arrived five to ten minutes before my child was born.

6. That no nurse or other hospital personnel to my knowledge checked for gauze or sponges after delivery.

On 16 March 1978, summary judgment was entered for plaintiff against the defendant for $433.35. Defendant appealed.

*Deal, Hutchins and Minor, by Richard D. Ramsey for plaintiff appellee.*

*Page and Greeson, by Michael R. Greeson, Jr., for defendant appellant.*

.  HEDRICK, Judge.

The defendant assigns as error the court's entry of summary judgment in favor of the plaintiff. Under Rule 56(c), summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. § 1A-1, Rule 56(c); *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). The burden of establishing the lack of any triable issue of fact is on the party moving for summary judgment, and the movant's papers are carefully scrutinized while those of the opposing party are regarded with indulgence. *North Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). When the party moving for summary judgment supports his motion as provided in this rule, the party opposing the motion

> may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

G.S. § 1A-1, Rule 56(e); *Kidd v. Early, supra; Cameron-Brown Capital Corp. v. Spencer*, 31 N.C. App. 499, 229 S.E. 2d 711 (1976). Summary judgment is proper for the party with the burden of proof on the basis of affidavits offered in support of his motion "(1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f), and (3) when summary judgment is otherwise appropriate." *Taylor v. City of Raleigh*, 290 N.C. 608, 625-26, 227 S.E. 2d 576, 586 (1976); *Kidd v. Early, supra.*

In the present case, the defendant unequivocally admitted that he contracted with the plaintiff to pay for hospital services rendered to his wife on the occasion of the birth of their child. In his answer, the defendant denied generally that he owed the bill, and alleged particularly that plaintiff breached its contract "by providing nursing care which was inadequate . . . and by providing nurses who were negligent in their performing medical

services for the defendant's wife." In support of its motion for summary judgment the plaintiff offered a detailed itemized account of the services rendered to the defendant's wife in furtherance of the contract. In opposition to the plaintiff's motion for summary judgment and in support of his general denial and allegations of negligence on the part of the plaintiff, the defendant offered only the affidavit of his wife that the plaintiff breached the contract by providing inadequate service. The affidavit in opposition to the motion for summary judgment did not challenge any of the specific items of service and charges enumerated in plaintiff's supporting affidavit. The defendant did not allege, and has offered no evidence that he was damaged in any way by the plaintiff's alleged breach of its contract to provide services for his wife.

Assuming arguendo that the defendant's allegations of plaintiff's negligent breach of the contract in the wife's affidavit are sufficient to raise an issue as to plaintiff's negligence in the treatment of the wife, we are of the opinion that such an issue is not material in plaintiff's claim against the husband for hospital services rendered. We hold that any claim the wife might have against the hospital for negligence in providing hospital services for her is not a defense in the hospital's separate action against the husband for the value of such services, absent evidence that such negligence related directly to a particular service in such a manner as to nullify or diminish the value of such service. In our opinion, defendant has failed in the face of plaintiff's motion for summary judgment and the evidence offered in support thereof to show that a genuine issue of *material* fact exists. The summary judgment in favor of plaintiff is affirmed.

Affirmed.

Judges PARKER and CARLTON concur.