STILLWELL ENTERPRISES, INC., PLAINTIFF v. INTERSTATE EQUIPMENT COMPANY, ORIGINAL DEFENDANT AND THIRD-PARTY PLAINTIFF v. THE TRAVELERS INDEMNITY COMPANY, AND ROBERT D. KELLY, THIRD-PARTY DEFENDANTS

No. 7830SC603

(Filed 15 May 1979)

1. **Landlord and Tenant § 5— defect in leased equipment—provision limiting liability valid**

Provision in a lease of business equipment absolving the lessor of responsibility for damages resulting from defects in the equipment was valid.

2. **Bailment § 6— negligence of bailor alleged—no showing that defect existed at time of leasing**

In an action by plaintiff to recover damages allegedly sustained when defendant failed to repair a piece of equipment leased by plaintiff, the trial court properly entered summary judgment for defendant on plaintiff's claim of negligence, since a bailor is liable for injury to the bailee or a third person for injuries proximately caused by a defect in the equipment of which he had

Enterprises, Inc. v. Equipment Co.

knowledge or which he could have discovered by reasonable care and inspection, but plaintiff offered no evidence to show that the defect alleged existed at the time of leasing.

**3. Attorneys at Law § 7.4— breach of lease agreement—no recovery of attorney fees**

Even though attorney's fees were expressly provided for in the parties' lease agreement, the trial court erred in awarding defendant attorney's fees, since the lease contract was not evidence of indebtedness within the meaning of G.S. 6-21.2, and attorney's fees were therefore not recoverable, as they were not specifically allowed by statute.

**4. Guaranty § 2— agreement to be liable for debts—summary judgment against guarantor proper**

The trial court did not err in entering summary judgment for defendant against the third-party defendant guarantor since, in his guaranty contract, third-party defendant specifically agreed to be liable for all debts arising under plaintiff's lease obligations.

APPEAL by plaintiff and third-party defendant Robert D. Kelly from *Thornburg, Judge.* Order entered 23 March 1978 in Superior Court, JACKSON County. Heard in the Court of Appeals 27 March 1979.

Plaintiff leased two WABCO Model 229G Pushloading Scrapers from defendant on 15 October 1975. The scrapers were to be used in construction operations which use was known to defendant. After 358 hours of use, one of the scrapers broke and was inoperative. On 22 July 1976, plaintiff filed complaint alleging:

"That on or about February 17, 1976, one of the pushloading scrapers leased by the Plaintiff from the Defendant broke in two, without any fault of the Plaintiff; that the reason that said pushloading scraper broke was that the same was defective at the time it was delivered by the Defendant to the Plaintiff.

\* \* \*

That the Defendant failed and refused to provide the Plaintiff with a substitute pushloading scraper and that by reason of the Defendant's failure to provide the Plaintiff with a pushloading scraper that was fit for use, and by further reason of the Defendant's having failed to properly repair said pushloading scraper, the Plaintiff has been damaged in the sum of $10,000.00."

Defendant answered, denied breach of the lease agreement, and filed counterclaim for rental payments, sales tax, and repairs to leasehold equipment. Defendant filed third-party complaint against Travelers Indemnity Company, as surety on the general contractor's payment bond, and against Robert D. Kelly, as guarantor of payment on the plaintiff subcontractor's lease agreement. Plaintiff amended its complaint, admitted payment of all rentals except $14,000.00, and alleged the defect in the scraper was latent. Defendant filed a motion for summary judgment against plaintiff on the ground that:

"Paragraph 9 of the aforesaid lease contract provides as follows:

'The lessor shall not be liable in any event to the lessee for any loss, delay or damage of any kind or character resulting form defects in, or inefficiency of equipment hereby leased or accidental breakage thereof.'"

Defendant moved for summary judgment against plaintiff and third-party defendants. Defendant sought to recover from plaintiff the sum of $19,532.53 as principal, interest on the sum at a rate of six percent per annum beginning 30 days after date of each invoice as to the alleged principal debt, and attorney's fees at the rate of fifteen percent of the amount of the principal debt. Defendant prayed recovery from third-party defendant Robert D. Kelly in the amount of $19,532.53, and interest thereon at the rate of six percent per annum. Finally, defendant prayed recovery from third-party defendant Travelers Indemnity Company in the amount of $19,532.53 and interest thereon at the rate of six percent per annum beginning 30 days after date of each invoice. Later, defendant moved for judgment on the pleadings as to plaintiff's claims. On 26 January 1978, defendant filed a voluntary dismissal of its third-party complaint against Travelers Indemnity Company.

The trial court entered summary judgment against plaintiff's claims, entered summary judgment for defendant against plaintiff for $14,010.00 in unpaid rental costs, $420.00 for North Carolina sales tax, $471.60 for insurance premiums advanced by defendant, $4,630.93 for labor and parts expended and provided by defendant, $2,929.00 for attorney's fees, and $2,343.15 for interest. The trial court entered summary judgment for defend-

ant against third-party defendant Robert D. Kelly for the same amounts except that no attorney's fees were allowed, and only $2,221.53 was allowed for interest.

Plaintiff and third-party defendant appealed.

*Smith, Currie & Hancock, by Joseph A. McManus, Jr., for plaintiff appellant and Robert D. Kelly, third-party defendant appellant.*

*Raymer, Lewis, Eisele & Patterson, by Douglas G. Eisele, for defendant appellee and third-party plaintiff appellee.*

ERWIN, Judge.

[1]  Plaintiff assigns as error the court's enforcement of the contractual limitations provided in the lease agreement. We find no error. The lease agreement entered in between plaintiff and defendant constituted a bailment contract. Parties to a bailment contract may limit the rights of the bailee in case of a breach of an express warranty. Annot., 68 A.L.R. 2d 850 (1959). The measure of the rights, duties, and obligations of bailor and bailee can be ascertained by looking at the terms of the contract itself. 8 Am. Jur. 2d, Bailments, § 120, pp. 1014-15. Paragraph 6 of the lease in question provides:

> "The receipt and acceptance by the lessee of said equipment shall constitute acknowledgment that said property has been accepted and found in good, safe and serviceable condition and fit for use, unless the lessee makes claim to the contrary to the lessor by registered mail with return receipt demanded, addressed to the lessor's home office within three days after receipt of said equipment. The complaint as made shall set forth in detail its complete nature and the condition of the property received."

Under Paragraph 11 of the lease, plaintiff's sole remedy if the equipment proved to be defective or unfit for use after the three-day period was to return the machinery to lessor and terminate the contract. In that event, plaintiff would have only been liable for the minimum rental charges supposedly embodied in the agreement. Paragraph 9 of the agreement provided that:

"The lessor shall not be liable in any event to the lessee for any loss, delay or damage of any kind or character resulting from defects in, or inefficiency of equipment hereby leased or accidental breakage thereof."

We need not consider what the consequence would have been if plaintiff had sought to terminate the contract under Paragraph 11.

In *Falco Corp. v. Hood*, 7 N.C. App. 717, 173 S.E. 2d 578 (1970), we upheld a lease agreement which precluded the recovery of damages because of any defect in the equipment leased at the time of delivery where no notice was given in the five-day period provided therein. Quoting from 5 Strong, N.C. Index 2d, Landlord and Tenant, § 5, p. 156, we said:

" 'Where a lease of business equipment makes no provision that the lessee might recover damages because of any defect in the equipment at the time of delivery and that the lessee should give the lessor written notice of any defect within 5 days or it would be conclusively presumed that the equipment was delivered in good repair, the lessee is not entitled to damages or replacement as against the lessor for an asserted defect or misrepresentation as to the condition of the machinery at the time of delivery, no notice of any defect having been given the lessor as required by the instrument.' " (Citation omitted.)

*Id.* at 720, 173 S.E. 2d at 581; *see also Leasing Corp. v. Hall*, 264 N.C. 110, 141 S.E. 2d 30 (1965). We believe that our holding in *Falco Corp. v. Hood, supra*, is dispositive of the validity of the contractual limitation presented here. We affirm the entry of summary judgment as to the contractual limitation of damages.

[2]   Plaintiff next assigns as error the trial court's dismissal of the counts of its complaint insomuch as they allege a claim for relief based on negligence.

It is the duty of a bailor for hire to see that equipment leased is in good condition, and while he is not an insurer, he is liable for injury to the bailee or a third person for injuries proximately caused by a defect in the equipment of which he had knowledge or which he could have discovered by reasonable care and inspection. *See Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721

(1972); *Hudson v. Drive It Yourself, Inc.*, 236 N.C. 503, 73 S.E. 2d 4 (1952); Products Liability—Liability of the Bailor for Hire for Personal Injury Caused by Defective Goods, 51 N.C.L. Rev. 786-87 (1973). *See also* 8 Am. Jur. 2d, Bailments, § 143, p. 1039. The bailor's breach of this duty of reasonable care may give rise to an action in tort, as well as in contract. 8 Am. Jur. 2d, Bailments, § 150, p. 1045. This possibility was recognized by our Supreme Court in *Ports Authority v. Roofing Co.*, 294 N.C. 73, 240 S.E. 2d 345 (1978). In setting forth the instances in which a breach of contract action may give rise to a tort, the Supreme Court stated:

> "It may well be that this enumeration of categories in which a promisor has been held liable in a tort action by reason of his negligent, or wilful, act or omission in the performance of his contract is not all inclusive. However, our research has brought to our attention no case in which this Court has held a tort action lies against a promisor for his simple failure to perform his contract, even though such failure was due to negligence or lack of skill."

*Id.* at 82-83, 240 S.E. 2d at 351. The fact that the breach of duty under bailment contract gives rise to an action in tort for negligence was recognized in *Insurance Asso. v. Parker*, 234 N.C. 20, 65 S.E. 2d 341 (1951); *see also* 8 Am. Jur. 2d, Bailments, § 285, p. 1173. Our Supreme Court stated in *Insurance Asso. v. Parker, supra:*

> "At first blush it would seem that the duty of a bailee to exercise due care to protect the thing bailed against loss, damage, or destruction is an obligation imposed by the contract, and that a breach thereof gives rise to an action on the contract rather than in tort for negligence. *Council v. Dickerson's, Inc.*, 233 N.C. 472. But the courts uniformly hold that it is a legal duty arising out of the relationship created by the contract. If a person accepts and receives the property of another for safe keeping or other purpose under a contract of bailment, the law requires of him due care by reason of the semitrust relation he thus assumes. *Hanes v. Shapiro, supra; Trustees v. Banking Co.*, 182 N.C. 298, 109 S.E. 6. The obligation to use due care in contracts of this type arises from the relation created by the contract and is independent, rather than a part of it. 6 A.J. (Rev.) 343. That the obligation arises from the relation and not as an implied term of the contract

is shown by the refusal of the law under certain circumstances to give effect to provisions in the contract undertaking to nullify the effect of the obligation. *Kenney v. Wong Len,* 128 A. 343.

It is a well-recognized rule of law that in an ordinary mutual benefit bailment, where there is no great disparity of bargaining power, the bailee may relieve himself from the liability imposed on him by the common law so long as the provisions of such contract do not run counter to the public interest." (Citations omitted.)

*Id.* at 23, 65 S.E. 2d at 343.

If the scraper contained a preexisting defect which could or should have been discovered by a proper inspection, and if the defect was the proximate cause of plaintiff's damages, defendant would be liable to plaintiff. *Mann v. Transportation Co. and Tillett v. Transportation Co.*, 283 N.C. 734, 198 S.E. 2d 558 (1973).

Here, however, plaintiff has offered no evidence to show that the defect alleged existed at the time of leasing. On the contrary, plaintiff's evidence merely states:

"When I examined the scraper at Stillwell's request, I noticed that there was no lock wire to these bolts or screws.

. . .

Normal driving time from Statesville to Sylva is 2¾ hours. If two service personnel spent 22¾ hours in travel time and on the job setting up the machines for operations, such inspection should encompass the inspection of the front hitch ball joint.

. . .

From my experience of 25 years, *if* such front hitch ball joint were inspected and *if* lock wires were absent from the screws, this would signal some problems and further investigation of the matter would be in order." (Emphasis added.)

Plaintiff's hypothetical assumption of a prior defect is not sufficient to impose liability on a bailor for hire. The defect must be shown to have existed at the time of delivery. *See Hudson v.*

*Drive It Yourself, Inc., supra.* We hold the court's entry of summary judgment as to plaintiff's claim of negligence was proper.

Plaintiff's final assignment of error is that the trial court erred in its entry of summary judgment as to defendant's damages. We agree.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 11 Strong's N.C. Index 3d, Rules of Civil Procedure, § 56.3, p. 356. Under the express terms of the lease agreement, plaintiff obligated itself to pay a monthly rental of $7,000.00. In its pleadings, it admits that $14,000.00 in rental payments have not been made. Likewise, plaintiff agreed to pay all sales taxes and to obtain insurance coverage to protect defendant against damage to the property during the lease term. The trial court's award of these damages was clearly proper. *See Equipment Co. v. Smith,* 292 N.C. 592, 234 S.E. 2d 599 (1977).

Under Paragraphs 5 and 10 of the lease agreement, plaintiff agreed to pay for all damages to the equipment except reasonable wear and tear and to pay defendant its regular charges for any material or labor furnished. In moving for summary judgment, defendant offered into evidence invoices of the amount due for labor and materials. It is clear from the record that these repairs were other than ordinary wear and tear. Defendant offered a sworn affidavit to that effect. Plaintiff failed to introduce any materials in opposition and failed to point to specific areas of impeachment and contradiction. Under such circumstances, the court's entry of summary judgment for costs and repairs in the undisputed amount of $4,630.93 was proper, *Kidd v. Early,* 289 N.C. 343, 222 S.E. 2d 392 (1976), and plaintiff was entitled to recover interest at the legal rate of six percent on all sums due under the contract computed from the date of breach. *Equipment Co. v. Smith, supra.* Thus, defendant was entitled to recover interest on the unpaid rental amount, the advanced insurance premium, and the cost of repairs.

[3] However, the trial court erred in awarding defendant attorney's fees. The lease contract is not an evidence of indebtedness within the meaning of G.S. 6-21.2, and attorney's fees

were not recoverable, unless specifically allowed by statute. *See Systems, Inc. v. Yacht Harbor, Inc.*, 40 N.C. App. 726, 253 S.E. 2d 613 (1979). This is so even though attorney's fees were expressly provided for in the contract. *See Construction Co. v. Development Corp.*, 29 N.C. App. 731, 225 S.E. 2d 623, *dis. rev. denied*, 290 N.C. 660, 228 S.E. 2d 459 (1976). The court's entry of summary judgment against plaintiff for attorney's fees in the amount of $2,929.00 is vacated.

## Third-Party Defendant's Appeal

[4]   Third-party defendant Robert D. Kelly contends the court erred in entering summary judgment against him in the amount of $21,754.06. We find no error.

A guaranty of the payment of a debt is an absolute promise to pay the debt at maturity if not paid by the principal debtor. *Garren v. Youngblood*, 207 N.C. 86, 176 S.E. 252 (1934). Third-party plaintiff's rights against third-party defendant Robert D. Kelly arise out of the guaranty contract and must be based on that contract. *Credit Corp. v. Wilson*, 281 N.C. 140, 187 S.E. 2d 752 (1972).

The guaranty contract provided:

"In consideration of your entering into a lease agreement with Stillwell Enterprises, Inc. by contract dated October 15, 1975. I hereby contract and guarantee that the said Stillwell Enterprises, Inc. will pay all lease obligations arising under the aforesaid lease agreement on the dates set forth therein, failing which I shall pay to you all sums due under said lease contract within ten days after notice of default is received from you.

Witness my hand and seal this the 15th day of October 1975."

In his guaranty contract, third-party defendant specifically agreed to be liable for all debts arising under plaintiff's lease obligations. We find no error in the court's entry of summary judgment. *Cf. Equipment Co. v. Smith, supra*. (Surety held liable for rental payments and interest thereon from date on which rental payments became due.)

Third-party defendant Robert D. Kelly contends that the voluntary dismissal of the Travelers Indemnity Company operated as a discharge of his liability under his guaranty contract. We find no error.

Defendant was entitled to dismiss his suit against the Travelers Indemnity Company under G.S. 1A-1, Rule 41(a), of the Rules of Civil Procedure. Third-party defendant was not prejudiced in any way by the dismissal nor was he discharged from liability under his guaranty.

Summary judgment entered below against plaintiff is affirmed in part as follows:

"a. For unpaid rental costs in the amount of $14,010;

b. For North Carolina Sales Tax in the amount of $420;

c. For insurance premiums advanced by the defendant in the amount of $471.60;

d. For labor and parts expended and provided by the defendant in the amount of $4,630.93. . ."

The judgment entered below against plaintiff for attorney's fees is reversed; the amount of interest awarded against plaintiff is to be redetermined in accordance with the above judgment.

Summary judgment against third-party defendant is affirmed.

Judges PARKER and MARTIN (Harry C.) concur.