J. NAT AND JENICE HAMRICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nat v. Commissioner
Docket No. 9287-76.
United States Tax Court
T.C. Memo 1980-149; 1980 Tax Ct. Memo LEXIS 437; 40 T.C.M. (CCH) 276; T.C.M. (RIA) 80149; April 29, 1980, Filed *437 Held: (1) Petitioners, as guarantors of corporate notes, are not entitled to interest deductions for amounts allegedly paid by them in satisfaction of the corporate debt. (2) Petitioners' deduction for payment of State income taxes denied for failure to properly substantiate the expenditures. J. Nat Hamrick, pro se. Matthew E. Bates, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $21,775.14 and an addition to tax under section 6651 [1] of $3,266.67 in petitioners' 1973 Federal income tax. The issues presented for our determination are: (1) whether petitioners are entitled to an interest deduction under section 163 of $53,867.32 for amounts allegedly paid by petitioners as guarantors of a corporate debt. (2) whether petitioners' claimed deduction of $2,841.90 for State income taxes should be disallowed for failure to properly substantiate *439 these expenses. Petitioners admit that if an underpayment exists, then they are liable for an addition to tax under section 6651. FINDINGS OF FACT Some of the facts have been stipulated. These facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners J. Nat Hamrick and Jenice B. Hamrick, husband and wife, were residents of Rutherfordton, North Carolina, when their petition in this case was filed. Their joint Federal income tax return for 1973 was filed with the Internal Revenue Service Center, Memphis, Tennessee. During the year in issue petitioners and their son owned the Plantation Land Company, Incorporated (Plantation) which was engaged in real estate development. In April of 1973, Plantation, in need of financing, issued three promissory notes as a result of obtaining the following loans: Lender
Amount
Allan Feldman and Murray Tapper
$187,500
First Federal Savings and Loan
515,000
Association, Charlotte, N.C.
First Federal Savings and Loan
185,000
Association, Charlotte, N.C.
Each of the notes was secured by a deed of trust and payment on each note was guaranteed by several individuals *440 [2] including petitioners. In light of financial difficulties experienced by Plantation, the guarantors were shouldered with the responsibility of repayment. Petitioners claim that they then made payments directly to creditors and directed some moneys to Plantation to pay off as much of the loan installments as was possible. On their 1973 return, petitioners deducted $53,867.32 for interest payments, claiming that they, as guarantors, paid off installments on the notes and are thus entitled to interest deductions.
Additionally, in 1973 petitioner-husband through his partnership Hamrick & Hamrick, Attorneys, paid the North Carolina Department of Revenue a total of $2,400. On his 1973 return he deducted $2,841.90 in State income taxes claiming that all of the above payments were for State income taxes owed by either himself or Mrs. Hamrick. On his notice of deficiency respondent disallowed the entire interest deduction claimed by petitioners and the deduction for State income taxes. OPINION Section 163(a) allows a *441 deduction for all interest paid or accrued within the taxable year on indebtedness. The general rule [3] is that a deduction may not be taken for an interest payment unless the interest is owed on an indebtedness of the one seeking the deduction. Payment by one who is secondarily liable on the debt does not qualify for the deduction. Nelson v. Commissioner,281 F.2d 1 (5th Cir. 1960); Abdalla v. Commissioner,69 T.C. 697 (1978); Rushing v. Commissioner,58 T.C. 996 (1972); cf. Putnam v. Commissioner,352 U.S. 82 (1956). Petitioners argue that under North Carolina law, as a result of their payment guarantee, they had a primary obligation to pay creditors at any time after default by the corporation. Consequently, they assert that any payment made pursuant to the guarantee represents a discharge of the guarantors' own indebtedness.
*442 It is clear that under North Carolina law a guarantee of payment is an absolute promise by the guarantor to pay the debt at maturity if it is not paid by the principal debtor. Stillwell Enterprises Inc. v. Interstate Equipment Company,41 N.C. App. 204, 254 S.E.2d 770 (1979); Wachovia Bank and Trust Co. v. Clifton,203 N.C. 483, 166 S.E. 334 (1932). The obligation of the guarantor is separate and independent of the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon failure of the principal debtor to pay the debt at maturity. EAC Credit Corporation v. Wilson,281 N.C. 140, 187 S.E.2d 752 (1972); Arcady Farms Milling Co. v. Wallace,242 N.C. 686, 89 S.E.2d 413 (1955); Cameron Brown Capital Corporation v. Spenser,31 N.C. App. 499, 229 S.E.2d 711 (1976). However, petitioners overlook the fact that a guaranty contract is collateral to the primary obligation between the debtor and the creditor. EAC Credit Corporation v. Wilson,supra;Wachovia Bank and Trust Co. v. Clifton,supra.Consequently, *443 payment by the guarantors to the creditors entitles, the guarantors to maintain an action against the principal obligor. Indeed, N.C. Gen. Stat. sec. 26-3.1[4] provides that a guarantor who has made payment on the note of the principal debtor is subrogated to the rights that the erstwhile creditor has against the debtor. Therefore, even though petitioners-guarantors were liable to creditors upon the unsatisfied matured obligations, it is abundantly clear that as between petitioners and Plantation, petitioners were secondarily liable on the debts. *444 The liability of petitioners to the creditors of Plantation is based on their guaranty contract and is absolute. Yet courts have long recognized that the indebtedness upon which interest arises is that of the primary obligor, not the guarantor, and therefore taxpayer-guarantors have been denied interest deductions under section 163. Nelson v. Commissioner,supra;Eskimo Pie Corp. v. Commissioner,4 T.C. 669 (1945). Accordingly, any payments made by petitioners as guarantors of corporate notes cannot qualify for the interest deduction provided by section 163. Consequently, we need not address respondent's alternative argument concerning petitioners' method of substantiating payments in satisfaction of their guaranty contracts. The second issue presented concerns petitioners' claim for a State income tax deduction of $2,841.90 under section 164(a)(3). [5] The burden of proving an entitlement to the deduction rests upon the petitioners. Rule 142(a), Tax Court Rules of Practice and Procedure. We believe petitioners have failed to carry their burden. *445 The only evidence produced by petitioners in support of State income tax payments was in the form of cancelled checks to the North Carolina Department of Revenue in the amount of $2,400 drawn on the account of Hamrick & Hamrick, Attorneys. We are unable to discern whether these payments were indeed in satisfaction of income tax liability. Furthermore, assuming that they were in discharge of income tax obligations, the record is barren of any evidence pointing to exactly whose obligations were so discharged. Therefore, we sustain respondent's determination on this issue. Decision will be entered for respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.↩
2. Each note was guaranteed by five individuals. In addition to petitioners, the other guarantors were petitioners' two sons and one daughter-in-law.↩
3. The major exception to the general rule, not applicable herein, is that a deduction is allowed for interest paid upon a mortgage on real estate of which the taxpayer is the owner, even though he is not directly liable on the note or bond. Section 1.163-1(b), Income Tax Regs.↩
4. N.C. Gen. Stat. sec. 26-3.1 provides: § 26-3.1. Surety's recovery on obligation paid; no assignment necessary.--(a) A surety who has paid his principal's note, bill, bond or other written obligation, may either sue his principal for reimbursement or sue his principal on the instrument and may maintain any action or avail himself of any remedy which the creditor himself might have had against the principal debtor. No assignment of the obligation to the surety or to a third-party trustee for the surety's benefit shall be required. (b) The word "surety" as used herein includes a guarantor, accommodation maker, accommodation indorser, or other person who undertakes liability for the written obligation of another.↩
5. Section 164(a) provided for the year in issue: (a) Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: (1) State and local, and foreign, real property taxes. (2) State and local personal property taxes. (3) State and local, and foreign, income, war profits, and excess profits taxes. (4) State and local general sales taxes. (5) State and local tax on the sale of gasoline, diesel fuel, and other motor fuels. In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income).↩