HENRY BLACKWELL INMAN v. THE SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD.

(Filed 27 January, 1937.)

1. **Insurance § 31a—Policy issued without medical examination may be avoided for misrepresentations relating to matters other than physical condition of applicant even in the absence of fraud.**

   The policy in suit was issued without a medical examination upon an application signed by insured which stated that insured had never drawn disability compensation or pension, had never been under observation, care, or treatment in any hospital, sanatorium, asylum, or similar institution, and had not suffered any mental or physical disease, consulted a physician, or undergone a surgical operation in the prior five years. The evidence tended to show that insured had been gassed in the World War and drawn disability allowances from the Government, had been treated by physicians, and had been an inmate in a hospital for high blood pressure and other physical ailments less than five years prior to signing the application. *Held:* The application contained representations as to matters other than the physical condition of applicant, which, being material, entitled insurer to avoid the policy even though the misrepresentations were not fraudulent, C. S., 6460, not being determinative, since it relates solely to misrepresentations as to physical condition.

2. **Insurance § 31c—Knowledge of soliciting agent of misrepresentation in application signed by insured held not imputed to insurer.**

   Knowledge of the soliciting agent of misrepresentations in an application for life insurance will not be imputed to insurer when the applicant represents in the application that the statements therein made are true and signs same without reading it or having it read to him and his failure to ascertain its contents is not induced by any fraud on the part of the agent.

   CLARKSON, J., concurring.

APPEAL by plaintiff from *Grady, J.,* at September Term, 1936, of BRUNSWICK. Affirmed.

This is an action to recover on a certificate of insurance which was issued by the defendant on the life of Jesse L. Inman. The certificate was issued on 10 October, 1934. The insured died on 12 May, 1935. The plaintiff is the beneficiary named in the certificate, which is for the sum of $1,000.

The certificate was issued on the application of the insured, which is in writing and was signed by him.

It is alleged in the answer of the defendant that certain false and fraudulent representations as to matters which were material to its issuance were made by the insured in his application for the certificate, and that under its provisions the certificate was for that reason null and void at the date of its issuance.

The plaintiff in his reply admits that the answers to certain questions contained in the application are false, but denies that they were fraudulent. He alleges that true answers were made by the insured to the questions addressed to him by the agent for the defendant, who solicited the application, but that said agent, without the knowledge or procurement of the insured, wrote the false answers appearing in the application. He admits that the insured signed his name to the application, but alleges that the insured did not read the application or request that it be read to him before he signed the same.

The evidence at the trial tended to show that on or about 10 October, 1934, D. M. Thompson, agent of the defendant, called at the home of Jesse L. Inman in Brunswick County, and there solicited him for an application to the defendant for insurance on his life; that the insured told the agent of the defendant that he wanted some insurance, but doubted whether he could get it; that in response to questions of the agent, the insured told him that he was gassed while serving as a soldier during the World War, that he had drawn disability allowance from the Government of the United States for some time, but was not then drawing such allowances; that within the past two or three years he had been attended by Dr. Sadler and Dr. Goley, who had treated him for high blood pressure, and that neither of said doctors was then attending him. The agent replied to the insured: "I think I can get you by. You don't have to have a medical examination anyhow."

The evidence further tended to show that during the month of September, 1931, the insured had been an inmate of hospitals for veterans of the World War at Columbia, S. C., and at Atlanta, Ga., where medical examinations were made of the insured, disclosing that he was then suffering with high blood pressure and other physical ailments resulting from being gassed during the World War.

After questioning the insured, the agent of the defendant, in his presence, wrote the answers to the questions appearing in the applica-

INMAN *v.* WOODMEN OF THE WORLD.

tion at the time the application was received by the defendant at its home office in Omaha, Nebraska, and without reading the application to the insured, requested him to sign the application, which the insured did in his presence.

The application as signed by the insured contains the following questions and answers:

"2. Are you now or have you ever drawn disability compensation or pension? Answer: 'No.'

"6. Have you ever been under observation, care, or treatment in any hospital, sanatorium, asylum, or similar institution? Answer: 'No.'

"7. Have you within the past five years suffered any mental or bodily disease or infirmity? Answer: 'No.'

"8. Have you within the past five years consulted or been attended by a physician for any disease or injury, or undergone any surgical operation? Answer: 'No.'"

The certificate issued by the defendant on the application of the insured contains a provision as follows:

"If any of the statements or declarations in the application for membership shall be found in any respect untrue, the certificate shall be null and void and of no effect, and all moneys which shall have been paid, and all rights and benefits which have accrued on account of the certificate shall be absolutely forfeited without notice or service."

At the close of the evidence, the defendant moved for judgment as of nonsuit. The motion was allowed, and plaintiff duly excepted.

From judgment dismissing the action, the plaintiff appealed to the Supreme Court, assigning error in the judgment.

*Robert W. Davis and S. B. Frink for plaintiff.*
*C. Ed. Taylor for defendant.*

CONNOR, J. When the application on which the certificate sued on in this action was issued, was received by the defendant at its home office in the city of Omaha, Nebraska, it contained representations as to matters other than the physical condition of the applicant. These representations were false. For that reason C. S., 6460, if applicable to this case, is not determinative of the question presented by this appeal.

The representations were material to the issuance of the certificate. *Bryant v. Ins. Co.,* 147 N. C., 181, 60 S. E., 983. For that reason, notwithstanding the evidence for the plaintiff which tended to show that the representations, although false, were not fraudulent, under the provisions of C. S., 6289, and of the certificate, the certificate is null and void and of no effect. There is therefore no error in the judgment dismissing the action.

The knowledge which the evidence for the plaintiff tended to show the agent of the defendant who solicited the application had of the falsity of the representations contained in the application at the time it was signed by the applicant, cannot be imputed to the defendant. *Thompson v. Assurance Society,* 199 N. C., 59, 154 S. E., 21. The defendant had the right to rely and did rely upon the statements and representations contained in the application, which was in writing and signed by the applicant, at the time it was received at its home office.

The applicant did not read the application or request that it be read to him before he signed it. His failure to do either was not induced by any fraud on the part of the agent. When he signed the application, he knew that the agent had written answers to the questions contained in it. He represented to the defendant that these answers were true.

There is no error in the judgment. It is

Affirmed.

CLARKSON, J., concurring: In *Laughinghouse v. Insurance Co.,* 200 N. C., 434 (436), it is held that in the absence of fraud or collusion between the insured and the agent, the knowledge of the agent, when acting within the scope of the powers entrusted to him, will be imputed to the company, though the policy contains a stipulation to the contrary. *Short v. LaFayette Ins. Co.,* 194 N. C., 649; *Insurance Co. v. Grady,* 185 N. C., 348; *Colson v. Assurance Co.,* 207 N. C., 581; *Smith v. Insurance Co.,* 208 N. C., 99 (102); *Thompson v. Accident Association,* 209 N. C., 678 (680); *Williams v. Ins. Co.,* 209 N. C., 765; *Cox v. Assurance Society,* 209 N. C., 778.

In the present case it seems that there was such fraud or collusion as to take this case out of the decisions above set forth. "I think I can get you by" is the agent's language, not in his employer's interest, but that of the assured, and the assured knew this betrayal of the employer.