THOMAS-YELVERTON COMPANY, INC., v. STATE CAPITAL LIFE INSURANCE COMPANY.

(Filed 30 September, 1953.)

1. **Insurance § 37—**

Ordinarily, in an action on a life insurance policy the burden of establishing affirmative defenses rests upon insurer.

2. **Insurance § 31—**

Ordinarily, knowledge of the agent when acting within the scope of the powers entrusted to him will be imputed to insurer, G.S. 58-197, even though contrary to a direct stipulation in the policy or the application for same, but this rule of imputed knowledge does not apply when the agent participates in the fraud or the suppression of a material fact.

Thomas-Yelverton Co. v. Insurance Co.

**3. Insurance §§ 31a (1), 31c, 37—Plaintiff's own evidence held to establish affirmative defense, and therefore nonsuit was proper.**

Plaintiff's own evidence tended to show that insurer's agent was advised that applicant was suffering from an ulcerated stomach, that other companies had refused to issue insurance to him, and that to avoid detection the agent suggested that a theretofore unused middle initial be used in the application for a policy with his company; and wrote in the application negative answers to the questions as to whether applicant had been rated or turned down for other insurance, was suffering from any disease of the stomach or had been attended by a doctor during the previous two years, and in the affirmative that applicant was then in good health. *Held:* Plaintiff's own evidence discloses a misrepresentation or suppression of a material fact in the application sufficient to avoid the policy, and that the agent participated in such misrepresentation or suppression of facts, and therefore plaintiff's own evidence establishes affirmative defenses as a matter of law and defendant's motion to nonsuit was properly granted.

Winborne, J., took no part in the consideration or decision of this case.

Appeal by plaintiff from *Parker, J.,* February Term, 1953, of Wilson.

This action was instituted by the plaintiff, assignee, to recover on an industrial life insurance policy issued on the life of Roney D. Boykin, by the defendant.

The policy in the sum of $400.00 was issued, without medical examination, 18 June, 1951, and the insured died 27 September, 1951. The policy was assigned by the named beneficiary, Ruby Ruffin, to the plaintiff for the payment of insured's funeral expenses.

· The defendant admitted the issuance of the policy and the death of the insured, but denied liability on the ground that in his application the insured had made certain false and material representations which caused the defendant to act favorably on the application and to issue the policy. The defendant tendered a check for the premiums paid and the plaintiff declined to accept it.

The plaintiff offered sufficient evidence to make out a *prima facie* case, and rested. Whereupon, the defendant moved for judgment as of nonsuit, which motion was overruled.

The application as signed by the insured contains the following questions and answers:

"22. Have you ever been rated or declined for insurance? 'No.'

"23. (a) Have you ever suffered from any disease of the: . . . stomach . . .? 'No.'

"24. Have you been attended by a doctor during the past 2 years? 'No.'

"27. Are you now in good health? 'Yes.'"

The defendant offered evidence to the effect that the insured had been a patient of a local physician within two years next preceding the date

of the application; that he had suffered from a stomach ailment; that he had had a gastro-enterostomy; that an examination of the insured was made by his physician on 9 August, 1949, at which time he was suffering, according to the diagnosis, from a peptic ulcer; that he was admitted to the hospital on 28 July, 1951, and found to be in a serious condition, vomiting blood and suffering from ulcers, and after two operations, developed a duodenal fistula which was the immediate cause of his death. The defendant also tendered as a witness in its behalf, the agent of the company who obtained the application for the insurance. This witness testified that he asked the insured each and every question contained in the application and that he wrote down the answers as given by the insured. But on cross-examination the witness testified he could not remember whether any information was given to him with respect to the insured's physical condition, or whether he had been informed that the insured had tried repeatedly to get insurance and had been turned down each time because of the condition of his health; or that the insured had had an operation for ulcers and was at that time under the care of a local physician. However, after each and every one of these pertinent questions, the witness, after stating that he could not remember whether he was given the information about which inquiry was being made, added: "I do not deny it."

The defendant rested and renewed its motion for dismissal as of nonsuit. The motion was again denied.

Thereupon, the plaintiff, apparently proceeding upon the theory that knowledge of the agent is knowledge of the principal, offered in rebuttal to the agent's testimony, the testimony of Ruby Ruffin, the beneficiary named in the policy, and that of her daughter. They testified that Tony Boykin, a brother of Roney D. Boykin, who had a policy with the defendant, inquired of defendant's agent whether he could get a policy on his brother Roney; that the agent inquired whether Roney had been to a doctor lately and was told that he had an ulcerated stomach and had been operated on and that he was then under the care of Dr. Cubberly; that the agent inquired if his brother was able to work and when informed that he was working at that time, he said: "If he's able to work, I can get insurance on him;" that he was informed that the insured had tried to get insurance with a number of companies and was given the names of several of the companies that had turned him down; that the agent inquired as to the name used in the previous applications and was informed that the former applications had been made in the name of Roney Boykin; that he then inquired if he had a middle name or initial and when told that his name was Roney Dan Boykin, he suggested that the application be made in the name of Roney D. Boykin; and according to the testimony of Ruby Ruffin, she was present when the agent came to her

home sometime later and obtained the signed application from Roney D. Boykin, who was rooming and boarding with her, and that the insured informed the agent that he had had an operation, that he had an ulcerated stomach and was under a doctor's care at that time.

The plaintiff rested, and the defendant moved the court for permission to amend its pleadings to allege fraud. The motion was allowed and the pleadings so amended, and the defendant again moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*Gardner, Connor & Lee for appellant.*
*Carr & Gibbons and Allen & Hipp for appellee.*

DENNY, J. The sole question presented for decision on this appeal is whether or not the court below committed error in sustaining the defendant's motion for judgment as of nonsuit.

Ordinarily in an action to recover on a life insurance policy, where the execution and delivery of the policy and the subsequent death of the insured are proven or admitted, and the premiums have been paid, the burden of establishing an affirmative defense rests upon the insurer. *Strigas v. Insurance Co.,* 236 N.C. 734, 73 S.E. 2d 788; *Tolbert v. Insurance Co.,* 236 N.C. 416, 72 S.E. 2d 915; *MacClure v. Casualty Co.,* 229 N.C. 305, 49 S.E. 2d 742; *Pearson v. Pearson,* 227 N.C. 31, 40 S.E. 2d 477; *Collins v. Casualty Co.,* 172 N.C. 543, 90 S.E. 585; *Page v. Insurance Co.,* 131 N.C. 115, 42 S.E. 543.

The provisions of G.S. 58-197 read as follows: "A person who solicits an application for insurance upon the life of another, in any controversy relating thereto between the insured or his beneficiary and the company issuing a policy upon such application, is the agent of the company and not of the insured."

The plaintiff is relying on the above statute and *Fishblate v. Fidelity Co.,* 140 N.C. 589, 53 S.E. 354; *Insurance Co. v. Grady,* 185 N.C. 348, 117 S.E. 289; *Short v. Insurance Co.,* 194 N.C. 649, 140 S.E. 302; *Laughinghouse v. Insurance Co.,* 200 N.C. 434, 157 S.E. 131; *Colson v. Assurance Co.,* 207 N.C. 581, 178 S.E. 211; *Cox v. Assurance Society,* 209 N.C. 778, 185 S.E. 12; *Heilig v. Insurance Co.,* 222 N.C. 231, 22 S.E. 2d 429, and similar cases, to sustain its contention that knowledge of its agent constitutes knowledge of the defendant and that the defendant is estopped from denying the validity of the policy, now held by it as assignee.

The rule with respect to the knowledge of an agent being imputable to his principal is well stated in the case of *Insurance Co. v. Grady, supra,* in the following language: "In the absence of fraud or collusion between

the insured and the agent, the knowledge of the agent when acting within the scope of the powers entrusted to him will be imputed to the company, though a direct stipulation to the contrary appears in the policy or the application for the same." However, it is otherwise when it clearly appears that an insurance agent and the insured participated in a fraud by inserting false answers with respect to material facts in an application for insurance. The knowledge of the agent in such instances will not be imputable to his principal. *Sprinkle v. Indemnity Co.,* 124 N.C. 405, 32 S.E. 734; *Gardner v. Insurance Co.,* 163 N.C. 367, 79 S.E. 806; *Inman v. Woodmen of the World,* 211 N.C. 179, 189 S.E. 496.

In the case of *Hedgecock v. Insurance Co.,* 212 N.C. 638, 194 S.E. 86, this Court, speaking through *Barnhill, J.,* said: "When the plaintiff offers evidence sufficient to constitute a *prima facie* case in an action in which the defendant has set up an affirmative defense, and the evidence of the plaintiff establishes the truth of the affirmative defense as a matter of law, a judgment of nonsuit may be entered."

In *Butler v. Insurance Co.,* 213 N.C. 384, 196 S.E. 317, the defendant plead a violation of the conditions attached to the delivery of the policy, and, in addition, that it was secured by fraudulent misrepresentations and concealments. At the trial it was admitted that the plaintiff could not refute testimony concerning consultations by the applicant and her treatment by a physician within the period which was material to the issue in controversy. Whereupon, the court dismissed the action as in case of nonsuit. In sustaining the dismissal, *Stacy, C. J.,* speaking for the Court, said: "We think it is clear that the plaintiff is in no position to insist upon a recovery. Undoubtedly there was a suppression of a material fact, . . . which would have resulted in nondelivery of the policy but for such suppression. . . . A *suppressio veri* by one whose duty it is to speak is equivalent to a *suggestio falsi. Isler v. Brown,* 196 N.C. 685, 146 S.E. 803; 10 R.C.L., 324."

Unquestionably the defendant would not have issued a policy of insurance on the life of Roney D. Boykin if the application had disclosed the true facts with respect to his health. It is settled in this jurisdiction that a misrepresentation of a material fact, or the suppression thereof, in an application for insurance, will avoid the policy "even though the assured be innocent of fraud or an intention to deceive or to wrongfully induce the assurer to act, or whether the statement be made in ignorance or good faith, or unintentionally." *Assurance Society v. Ashby,* 215 N.C. 280, 1 S.E. 2d 830; *Petty v. Insurance Co.,* 212 N.C. 157, 193 S.E. 228; *Inman v. Woodmen of the World, supra; Insurance Co. v. Box Co.,* 185 N.C. 543, 117 S.E. 785; *Insurance Co. v. Woolen Mills,* 172 N.C. 534, 90 S.E. 574; *Hardy v. Insurance Co.,* 167 N.C. 22, 83 S.E. 5; *Gardner*

*v. Insurance Co., supra; Alexander v. Insurance Co.,* 150 N.C. 536, 64 S.E. 432; *Bryant v. Insurance Co.,* 147 N.C. 181, 60 S.E. 983.

In the instant case, when the insured signed the application he knew the agent had written the answers to the questions contained in it; and by signing it in the form submitted, he represented that the answers were true. The plaintiff's evidence clearly establishes the truth of the affirmative defenses of the defendant. Hence, the ruling of the court below will be upheld. *Hedgecock v. Insurance Co., supra.*

Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.