STROUP SHEET METAL WORKS, INC. v. HERITAGE, INC.

No. 7828DC1118

(Filed 18 September 1979)

1. **Rules of Civil Procedure § 56.2— summary judgment for party with burden of proof—credibility of affiant—affiant interested party**

In an action by plaintiff to recover for services rendered in installing, modifying and starting up heating systems for defendant, there was no merit to defendant's contention that summary judgment for plaintiff was improper because the court granted summary judgment for the party with the burden of proof on the basis of that party's affidavits, since there were only latent doubts as to the credibility of plaintiff's affiant and those stemmed from the fact that he was a vice-president of plaintiff; defendant did not produce any affidavits contradicting the statements in plaintiff's affidavit regarding the account in question, did not point to any specific grounds for impeachment, and did not utilize G.S. 1A-1, Rule 56(f); and the information in plaintiff's affidavit would necessarily have to come from a witness who was familiar with the books and records of plaintiff, and thus it would be impossible to establish the facts necessary for plaintiff's claim by a totally disinterested witness.

2. **Accounts § 1; Rules of Civil Procedure § 56.4— summary judgment—no genuine issue of material fact**

In an action by plaintiff to recover for services rendered in installing, modifying and starting up heating systems for defendant, there was no merit to defendant's contention that summary judgment was inappropriate because genuine issues of material fact were raised, since defendant's answer only generally denied the allegations of the complaint; the affidavit filed by defendant in opposition to plaintiff's motion related to a prior account with plaintiff for the initial installation of the heating system in question and not to the cost of modification for which plaintiff sought payment; and the statement in defendant's affidavit that the affiant was "informed, advised and believe" that all

the charges incurred with a certain job had been paid was incompetent and was properly not considered by the court in ruling on the summary judgment motion.

**3. Accounts § 1— charge for starting up heating system —issue as to whether charge paid — summary judgment inappropriate**

> In an action to recover $27 on an account for "starting up" a residential heating system, the trial court erred in entering summary judgment for plaintiff, since defendant's affidavit stated that this charge was one normally included in the installation price and that the installation had been paid for, thus controverting the plaintiff's allegation and raising a factual issue as to whether plaintiff was entitled to recover for that charge.

APPEAL by defendant from *Allen, Judge (C. Walter).* Judgment entered 26 September 1978 in District Court, BUNCOMBE County. Heard in the Court of Appeals on 30 August 1979.

This is a civil action wherein plaintiff seeks to recover $744.70 for services rendered in installing, modifying, and starting up heating systems for the defendant. Plaintiff filed a complaint alleging only that "[d]efendant owes plaintiff $744.70 on an account." Defendant filed a motion for a more definite statement pursuant to G.S. § 1A-1, Rule 12(e) which was subsequently denied. Thereafter, defendant filed an answer denying the allegation in the complaint.

Plaintiff moved for summary judgment and filed the affidavit of Jack D. Peden, Vice-President of Stroup Sheet Metal Works, Inc., in support of its motion. The affiant alleged that he was in charge of the record keeping for plaintiff; that on 9 September 1976, plaintiff "installed the equipment in a residence situated at 23 Chippengreen Drive, Arden, North Carolina"; that "reasonable and proper charges for said work was $717.70"; that on 9 February 1977, plaintiff was "requested to start the furnace working for the defendant, Heritage, Inc., at a residence situated at 9 Fairway Drive, Asheville, North Carolina, and that they did so and made a charge of $27.00, which was reasonable for the work."

Defendant also moved for summary judgment and filed the affidavit of George B. Brewster, the Vice-President of Heritage, Inc., in support of its motion. The affiant alleged that he was in charge of the books and records of the defendant; that in March 1976, a purchase order was issued to plaintiff to install a heating system in Job 2512 for a total price of $1,176.00; that plaintiff did

not install the heating system in a manner that complied with local building codes; that because of this noncompliance, the building inspector refused to certify the installed system for use unless certain changes were made; that "Stroup was requested to make said changes by Heritage, Inc."; that on 25 June 1976, plaintiff rendered an invoice for the installation in the amount of $1,677.60; that defendant has paid this invoice; that he was "informed, advised and believe that said Invoice included all additional labor and material charges for Job 2512 and that all charges incurred by Heritage, Inc. in connection with Job 2512 have been paid"; and that the other invoice in the amount of $27.00 is for work normally performed in the installation of a heating system, "the invoice for which contract was paid in full."

On 15 September 1978, a hearing on the motions for summary judgment was held and plaintiff offered the testimony of W. E. Chapman, a manager for Stroup Sheet Metal Works. This testimony tended to show that at the time the heating system was installed in Job 2512, the basement of the residence was unfinished. Subsequently the basement was finished, and it was constructed in such a manner as to violate certain provisions of the building code. Chapman was called by Monty Baker, an employee of defendant, and "advised that the inspector had 'turned down the job' and that the heating system work would have to be modified to meet the provisions of the [Building] Code." Thereafter, plaintiff "at the request of Heritage, by Heritage's agent, made the changes in the heating system which were necessary to bring it in compliance with the [Building] Code." The reasonable value of the work performed was $717.70, which charge remains on an account unpaid.

On 26 September 1978, a summary judgment was entered for plaintiff in the amount of $744.70. Defendant appealed.

*Penland & Barden, by Talmage Penland, for plaintiff appellee.*

*Morris, Golding, Blue and Phillips, by Steven Kropelnicki, Jr., for defendant appellant.*

HEDRICK, Judge.

By assignment of error number two, defendant contends the trial court erred in granting plaintiff's motion for summary judg-

ment. Under Rule 56, summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. § 1A-1, Rule 56(c); *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). The judge's role in ruling on a motion for summary judgment is to determine whether any material issues of fact exist that require trial. The burden of establishing the lack of any triable issue of fact is on the party moving for summary judgment, and the movant's papers are carefully scrutinized while those of the opposing party are regarded with indulgence. *North Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976).

[1] Defendant argues that summary judgment for the plaintiff was improper because the court granted summary judgment for the party with the burden of proof on the basis of that party's affidavits. Defendant contends that the affidavit relied upon by the plaintiff is that of an interested witness, and thus it raises an issue as to credibility that cannot be resolved on a Rule 56 motion. Defendant specifically argues that the statements in the affidavit that the amount charged for the work is "reasonable" present such an issue of credibility because it relates to "matters of opinion involving a substantial margin for honest error." *Kidd v. Early*, 289 N.C. at 366, 222 S.E. 2d at 408.

In *Kidd v. Early, supra*, our Supreme Court dealt at length with the issue whether summary judgment is appropriate in a case where the party with the burden of proving a material fact relies on the testimony of an interested witness to establish that fact. The Court stated:

> We hold that summary judgment may be granted for a party with the burden of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate. . . . To be entitled to summary judgment the movant must still succeed on the basis of his own materials. He must show that there are no genuine issues of

fact; that there are no gaps in his proof; that no inferences inconsistent with his recovery arise from his evidence; and that there is no standard that must be applied to the facts by the jury.

*Kidd v. Early*, 289 N.C. at 370, 222 S.E. 2d at 410. *See also Frank H. Conner Co. v. Spanish Inns Charlotte, Ltd.*, 294 N.C. 661, 242 S.E. 2d 785 (1978).

As previously indicated, plaintiff's supporting affidavit, if true, establishes the material facts that it performed work on a heating system at a residence located at 23 Chippengreen Drive, Arden, North Carolina, at the request of the defendant; that the plaintiff charged the defendant $717.70 on an account for the work performed; that such charge was reasonable and it has not been paid. As to the credibility of the affiant, there are only latent doubts, that is, doubts which stem from the fact that he is a vice-president of the plaintiff. Defendant, however, has not produced any affidavits contradicting the statements in plaintiff's affidavit regarding the $717.70 account, has not pointed to any specific grounds for impeachment, and has not utilized Rule 56(f). Furthermore, the information in the plaintiff's supporting affidavit would necessarily have to come from a witness who was familiar with the books and records of the plaintiff, and thus it would be impossible to establish the facts necessary for plaintiff's claim by a totally disinterested witness. The affidavit is not inherently incredible, nor are the circumstances suspect. Thus, we hold that any latent doubts as to the credibility of the plaintiff's supporting affidavit do not present a bar to the granting of summary judgment in the present case.

[2] Next the defendant argues that summary judgment for the plaintiff was inappropriate because it raised "triable issues of material fact" by its own affidavit offered in opposition to the motion. Once the plaintiff had made and supported its motion for summary judgment, under Rule 56(e), the burden was on the defendant to introduce evidence in opposition to the motion setting forth "specific facts showing that there is a genuine issue for trial." The answer filed by the defendant only generally denies the allegations of the complaint. The affidavit filed by the defendant in opposition to plaintiff's motion relates to a prior account with the plaintiff for the initial installation of the heating system

in question. The affidavit states that a Purchase Order was issued to the plaintiff in March, 1976, to install the heating system; that on 25 June 1976, plaintiff rendered its invoice for the work performed; that on 2 July 1976, defendant prepared a check payable to plaintiff for the work; and that the check was received and deposited by plaintiff. The affidavit also contains statements that the plaintiff did not install the heating· system in a manner that complied with local building codes, and that because of this non-compliance the building inspector refused to certify the system for use. All of these statements relate to the prior account that has been paid; and they have no relevancy to the plaintiff's claim on the account alleged in the complaint for $717.70.

Furthermore, the statement in Brewster's affidavit that he was "informed, advised and believe" that all of the charges incurred in connection with Job 2512 had been paid was incompetent and was properly not considered by the court in ruling on the motion. Rule 56(e) specifically requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The statement made on information and belief in the affidavit relied on by the defendant meets none of these criteria, and thus the trial court could not consider this portion of the affidavit. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972); *Nugent v. Beckham*, 37 N.C. App. 557, 246 S.E. 2d 541 (1978).

In short, defendant has failed to show by its materials introduced in opposition to the plaintiff's motion for summary judgment that there exists any specific areas of impeachment or that there exists any genuine issue of material fact with regard to the claim on an account for $717.70. We hold that summary judgment for the plaintiff was appropriate in the present case on the $717.70 claim.

[3]  With regard to plaintiff's claim on an account for $27.00 for "starting up" the heating system at another residence, the defendant's affidavit states that this charge is one normally included in the installation price and that it has paid for the installation, thus controverting the plaintiff's allegation and raising a factual issue as to whether plaintiff is entitled to recover for that charge.

Consequently, with respect to that claim of the plaintiff, summary judgment was inappropriate, and that portion of the trial judge's Order granting the plaintiff's motion with respect to the claim for $27.00 is reversed.

Because of our disposition of this case, it is unnecessary for us to discuss defendant's remaining assignments of error.

Affirmed in part, reversed in part, and remanded.

Judges VAUGHN and ARNOLD concur.