WILLIS GORDON McCRIMMON v. NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY

No. 8311DC490

(Filed 17 July 1984)

**Insurance § 19.1— life insurance—material misrepresentations—application signed by beneficiary—recovery barred**

Where the agent of defendant filled in an application for a policy of life insurance on plaintiff's son, and plaintiff, a high school graduate who could read and write, signed the application, material misrepresentations therein were imputed to plaintiff and barred his recovery under the policy.

Judge EAGLES concurring.

Judge BECTON joins in the concurring opinion.

APPEAL by defendant from *Pridgen, Judge.* Judgment entered 4 March 1983 in District Court, LEE County. Heard in the Court of Appeals 14 March 1984.

This is an action on a life insurance policy. The defendant pled as an affirmative defense false statements made by the plaintiff in the application for the policy. The plaintiff testified that he was 24 years old and a high school graduate who can read and write. He testified further that he had a son by Vickie Shaw in 1978 which son was placed in an incubator and not released from the hospital until February of 1979. The doctor told him the child had suffered brain damage. Thereafter the child "would get real hot and sick." Edward Keller, an agent of the defendant, talked with him on several occasions in regard to purchasing an insurance policy on the life of his son. He told Mr. Keller of the sickness his son had suffered. Mr. Keller prepared an application for an insurance policy. The plaintiff testified that Mr. Keller "wrote or checked the answers on the application." The plaintiff did not read the application but signed it and paid all insurance premiums.

The insurance policy was issued on or about 1 May 1979 and the plaintiff's son died of pneumonia on 26 February 1981. The policy provided " 'no such statement shall void this policy or be used in defense of a claim hereunder unless it is contained in the application and a copy of the application is attached to this policy when issued.' " The application was attached to the policy and it showed the plaintiff signed the application which stated his son did not have a defect or deformity and had not consulted a doctor within the last five years for any condition not set out in the application. Both these statements were false.

The court submitted to the jury the following issue:

"Were the false answers concerning the prior defects or deformities of the insured, Kelvin Shaw, inserted by the agent of the defendant, North Carolina Mutual Life Insurance Company, without the actual or implied knowledge of the applicant plaintiff, Willis Gordon McCrimmon?"

The jury answered the issue in favor of the plaintiff. The trial court entered a judgment for the plaintiff and the defendant appealed.

*Edward L. Bullard, Jr. for plaintiff appellee and cross-appellant.*

*Albert L. Willis for defendant appellant.*

WEBB, Judge.

G.S. 58-197 provides that a person who solicits a life insurance policy upon the life of another is the agent of the company issuing the policy upon such application. The plaintiff contends that Edward Keller, the agent of the defendant, committed a fraudulent act by getting the plaintiff to sign an application with material misrepresentations and the defendant should bear the burden of Edward Keller's fraud. Our Supreme Court has held in *Thomas-Yelverton Co. v. Insurance Co.*, 238 N.C. 278, 77 S.E. 2d 692 (1953), that "when it clearly appears that an insurance agent and the insured participated in a fraud by inserting false answers with respect to material facts in an application for insurance," the knowledge of the agent is not imputed to the principal. *See Jones v. Insurance Co.*, 254 N.C. 407, 119 S.E. 2d 215 (1961).

In applying this rule our Supreme Court held in *Inman v. Woodmen of the World*, 211 N.C. 179, 189 S.E. 496 (1937), that if an application for insurance containing material misrepresentations is filled in by the agent before being signed by the applicant, these are material misrepresentations of the applicant which bar recovery. We believe we are bound by *Inman* to hold that the plaintiff's action should have been dismissed. All the evidence showed that Mr. Keller filled in the application and the plaintiff signed it. The plaintiff is a high school graduate and can read and write. Under *Inman* the false statements are imputed to him. *See also Cuthbertson v. Insurance Co.*, 96 N.C. 480, 2 S.E. 258 (1887).

We do not believe *Buchanan v. Nationwide Life Ins. Co.*, 54 N.C. App. 263, 283 S.E. 2d 421 (1981), relied on by the plaintiff, governs. This Court based its ruling in that case on what it said were conflicts in the evidence as to whether the insured had seen any doctor or had been treated at any clinic other than what had been disclosed to the insurance company's agent. In this case there is no dispute that the plaintiff signed the affidavit which contained material misrepresentations. *Inman* requires that the plaintiff's action be dismissed.

Reversed and remanded.

Judges BECTON and EAGLES concur.

Judge EAGLES concurring.

I concur because I believe that we are bound by *Inman v. Woodmen of the World*, 211 N.C. 179, 189 S.E. 496 (1937). But for *Inman*, equity would dictate that, in the absence of collusion between the insured and the selling agent, the insurance company would be estopped and would be bound by the actions of their selling agent.

Judge BECTON joins in this concurring opinion.