AMOCO OIL COMPANY v. C. B. GRIFFIN, JR. AND AUBREY HARRELL

No. 852SC487

(Filed 21 January 1986)

**1. Guaranty § 1— continuing guaranty—change of terms—no release from liability**

There was no merit to defendant's contention that the guaranty in question applied only to debts incurred during 1970 pursuant to a 1970 contract between plaintiff and the principal debtor or only to debts incurred prior to 7 April 1981 when a new contract was entered between plaintiff and the principal debtor, that a change in credit terms and increase in the amount of credit extended discharged him, or that he was entitled to an accounting upon request, since the guaranty expressly stated that it was a continuing guaranty, the object of which is to enable a principal debtor to have credit over an extended time and to cover successive transactions, and the guaranty expressly provided that it was to remain in effect despite the making of any new contract, without notice to defendant of the new contract, that defendant's liability continued despite any modifications to credit terms and amounts, and that any type of accounting was waived.

**2. Guaranty § 2— mutual mistake—validity of execution—summary judgment proper**

The trial court did not err by failing to find that the guaranty in question was signed through mutual mistake of fact, rendering it void, where defendant asserted mutual mistake in his answer and reasserted the defense in his own affidavit offered to oppose summary judgment, but did not set forth specific facts showing that there was a genuine issue of fact for trial; nor did the court err in failing to find a genuine issue of material fact precluding summary judgment regarding the validity of the execution of the guaranty where defendant denied "having any knowledge of ever having executed such a guarantee," but did not set forth specific facts to support his denial.

**3. Guaranty § 2— continuing guaranty—action not barred by statute of limitations**

There was no merit to defendant's contention that an action on a guaranty was barred by the statute of limitations or laches since the guaranty in question was a continuing one; defendant's liability arose at the time of the default of the principal debtor which occurred on 1 July 1983; and plaintiff filed its complaint on 30 September 1983, well within the statutory limitation. Furthermore, the fact that the principal debtor was discharged in bankruptcy from the obligation which the guaranty stood behind did not terminate any disability defendant might have had as guarantor.

**4. Rules of Civil Procedure § 56.5— no findings of fact in order**

Findings of fact in a summary judgment order are ill advised because they indicate a question of fact was presented and resolved by the trial court.

APPEAL by defendant, C. B. Griffin, Jr., from *Griffin, William C., Jr., Judge.* Judgment entered 8 February 1985 in Superior Court, MARTIN County. Heard in the Court of Appeals 1 November 1985.

Plaintiff instituted this action on 30 September 1983 in Wake County alleging that: on 20 May 1970 defendants C. B. Griffin, Jr. and Aubrey Harrell agreed to be guarantors of any indebtedness contracted by the principal debtor Harrell Oil Company, Inc.; defendants are stockholders in Harrell Oil Company, Inc.; as of 1 July 1983 plaintiff had extended credit in the sum of $121,849.73 to the principal debtor; on 1 July 1983 the principal debtor filed a petition in the United States Bankruptcy Court; and neither the principal debtor nor the defendants had paid any indebtedness. The complaint sought recovery against the defendant guarantors for $121,849.73, plus interest and costs.

Defendant C. B. Griffin, Jr. filed an answer which included an allegation that defendant Aubrey Harrell also had filed a petition in the United States Bankruptcy Court. The answer set forth numerous defenses and prayed to void the guaranty agreement, reform it, or discharge defendant's obligations to perform. Thereafter, Griffin moved the court for a change of venue. On 6 February 1984 the court ordered the case to be transferred to Martin County. On 2 July 1984, with leave of court, defendant Griffin filed a supplemental answer. Plaintiff moved for summary judgment. Plaintiff supported his motion with depositions, answers to interrogatories, admissions by defendant and the affidavit of a handwriting expert. Defendant Griffin responded to the summary judgment motion by submitting to the court answers to interrogatories and an affidavit of the defendant C. B. Griffin, Jr. On 8 February 1985 summary judgment was granted in favor of plaintiff. Plaintiff was awarded $121,849.73 with interest from 28 September 1983, plus costs. Defendant C. B. Griffin, Jr. appeals.

*Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by Kenneth Wooten and Carson Carmichael, III, for plaintiff appellee.*

*Pritchett, Cooke & Burch, by W. L. Cooke, for defendant appellant.*

JOHNSON, Judge.

The main issue on appeal is whether the court properly granted summary judgment in favor of the plaintiff. Summary judgment is proper when the pleadings, together with depositions, interrogatories, admissions on file, and supporting affidavits show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56 (1983); *Johnson v. Phoenix Mutual Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). Once plaintiff has made and supported its motion for summary judgment, under section (e) of Rule 56 the burden is on the defendant to introduce evidence in opposition to the motion setting forth "specific facts showing that there is a genuine issue for trial." G.S. 1A-1, Rule 56(e); *Stroup Sheet Metal Works, Inc. v. Heritage, Inc.*, 43 N.C. App. 27, 258 S.E. 2d 77 (1979). The nonmovant then must come forward with a forecast of his own evidence. *Durham v. Vine*, 40 N.C. App. 564, 253 S.E. 2d 316 (1979). An answer filed by defendant which only generally denies the allegations of the complaint fails to raise a genuine issue of fact. *Stroup Sheet Metal, supra.* An affidavit which merely reaffirms the allegations of the defendant's answer is also insufficient. *Cameron-Brown Capital Corp. v. Spencer*, 31 N.C. App. 499, 229 S.E. 2d 711 (1976), *disc. rev. denied*, 291 N.C. 710, 232 S.E. 2d 203 (1977).

A guaranty of payment is an absolute promise to pay the debt of another if the debt is not paid by the principal debtor. *Investment Properties of Asheville, Inc. v. Norburn*, 281 N.C. 191, 188 S.E. 2d 342 (1972). The enforceability of the guarantor's promise is determined primarily by the law of contracts. *Gillespie v. DeWitt*, 53 N.C. App. 252, 259, 280 S.E. 2d 736, 741 (1981); *Cowan v. Roberts*, 134 N.C. 415, 46 S.E. 979 (1904). When the terms of a guaranty are clear and unambiguous, the construction of the agreement is a matter of law for the court. *North Carolina Nat'l Bank v. Corbett*, 271 N.C. 444, 156 S.E. 2d 835 (1967).

Based upon the foregoing rules of law regarding summary judgments and guaranties, we shall address defendant's assignments of error. The plaintiff movant for summary judgment presented the following evidence to support its pleadings: the signed guaranty agreement, an itemized statement of the debt, depositions of both defendants, responses to requests for admissions by

C. B. Griffin, Jr. and an affidavit of a handwriting expert. Defendant Griffin's forecast of evidence offered to oppose summary judgment consisted of plaintiff's answers to interrogatories and an affidavit by the defendant himself.

The guaranty at issue provides in pertinent part:

[The undersigned gurantors guarantees] absolutely and unconditionally to [plaintiff] . . . the prompt payment of all sums of money now unpaid by [Harrell Oil] . . . for merchandise and other property and/or services . . . or any other indebtedness legally created by [Harrell Oil] in favor of [plaintiff] . . . .

. . . .

The [defendants] hereby expressly waives notice of acceptance of this guaranty, notice of any and all transactions between [plaintiff and Harrell Oil] and notice of any and all defaults in payment by [Harrell Oil]. The undersigned hereby expressly agrees that this guaranty shall not be modified, abrogated or in any manner affected by: . . . any *change* in credit terms . . .; any *modification* in any contracts . . . between [plaintiff] and [Harrell Oil]; termination of any contract and making of any *new* and different contract; . . . and the undersigned expressly consents and agrees that any such *change*, extension, *modification*, cancellation, renewal, or settlement may be made without notice to [defendant] and without affecting in any manner the continued validity of this guarantee.

. . . .

This instrument shall be considered as a general and continuing guaranty . . . .

(emphasis added).

The guaranty also provides that it is to remain in full force and effect even after the death of defendant. Termination occurs only upon notice by defendant in writing sent by registered mail.

[1] Defendant contends that the guarantee applies to debts incurred only during 1970, pursuant to a 1970 contract between plaintiff and Harrell Oil Company. In the alternative, defendant

contends that the guarantee applies to only debts incurred prior to 7 April 1981 when a new contract was entered between plaintiff and the principal debtor, that this new contract extinguished defendant's liability under the guaranty. We disagree.

A continuing guaranty is defined to be a guaranty the object of which is to enable the principal debtor to have credit over an extended time and to cover successive transactions. *Hickory Novelty Co. v. Andrews*, 188 N.C. 59, 123 S.E. 314 (1924). As quoted above, the guaranty *sub judice* expressly states that it is a continuing guaranty. Moreover, the guaranty also expressly provides that it is to remain in effect despite the making of any *new* contract, without notice to the defendant of the new contract. The clear language of the guaranty rules.

Defendant next contends that a change in credit terms and two-fold increases in the amount of credit extended discharged defendant. We disagree. Again, the guaranty contract itself expressly provides defendant's liability continues despite any *modifications* to the credit terms and amounts, with defendant expressly waiving notice of such changes. The clear and unambiguous terms of the guaranty also defeat defendant's contention that the court erred by failing to find defendant Griffin was entitled to an accounting upon request. The guaranty expressly waives "any type of accounting."

[2] Next defendant contends that the court erred by failing to find that the guaranty was signed through mutual mistake of fact, rendering it void. Defendant asserted mutual mistake as a defense in his answer. Defendant merely reasserts the defense in his own affidavit offered to oppose summary judgment. There is no other evidence in the record to support defendant's contention. Such a general assertion set forth in defendant's answer and merely repeated in his affidavit is insufficient to meet a defendant's burden to set forth specific facts showing there is a genuine issue of fact for trial. *Stroup Sheet Metal, supra; Cameron-Brown, supra*. Defendant's assignment of error on this point is overruled.

Defendant contends that the court erred by not finding a genuine issue of material fact precluding summary judgment regarding the validity of the execution of the guaranty. In *Pearce Young Angel Co. v. Becker Enterprises, Inc.*, 43 N.C. App. 690, 695, 260 S.E. 2d 104, 107 (1979), the defendant denied "having any

knowledge of ever having executed such a guarantee." This Court held that the defendant's statement of denial in his affidavit did not satisfy his burden, did not constitute "specific facts" showing that there was a genuine issue for trial; hence summary judgment was deemed proper.

In the case *sub judice* the guaranty shows the purported signature of defendant Griffin and the signature of co-guarantor defendant Aubrey Harrell. Harrell admits his signature. The signature of R. L. Wilson appears as witness to Griffin's signature. Griffin stated at his deposition that he owns and operates Woodville Supply Company in Lewistown and employed R. L. Wilson at the time the guaranty was executed in Lewistown. Plaintiff produced an affidavit of a handwriting expert who vouched for the authenticity of defendant's signature. Plaintiff, by producing evidence in support of its contention, has successfully shifted the burden to the nonmovant defendant to come forward with a forecast of his own evidence. *Taylor v. Greensboro News Co.*, 57 N.C. App. 426, 291 S.E. 2d 852 (1982), *cert. granted*, 306 N.C. 751, 295 S.E. 2d 486 (1982); *Durham, supra.*

Defendant stated in his answer, "[t]hat this defendant does not recall execution of the guaranty. . . ." He merely reasserted the denial in his affidavit opposing summary judgment. Both parties had the benefit of discovery. Defendant's discovery yielded no evidence to support the legitimacy of his denial. As in *Pearce Young Angel*, defendant failed to set forth specific facts sufficient to raise a genuine issue of material fact regarding the validity of the execution. This assignment of error is overruled.

[3] Next defendant contends the court erred by failing to find the action barred by the statute of limitations or laches. We disagree. As stated earlier, the guaranty in the case *sub judice* is a continuing guaranty, which enables the principal debtor to have credit over an extended and indefinite period of time, *Hickory Novelty Co. v. Andrews, supra,* until such time as defendant gives written notice of termination. A guarantor's liability arises at the time of the default of the principal debtor on the obligations which the guaranty covers. *Gillespie v. DeWitt, supra* at 258, 280 S.E. 2d at 741. On these facts the default occurred 1 July 1983, hence the principal debtor's claim arose on that date. The plaintiff filed its complaint 30 September 1983, well within the statutory

limitation. Furthermore, when a guaranty by its express terms creates a primary obligation from guarantor to principal debtor, the fact that the principal debtor had been discharged in bankruptcy from the obligation which the guarantee stood behind did not terminate any liability he might have had as guarantor. *Exxon Chemical Americas v. Kennedy*, 59 N.C. App. 90, 295 S.E. 2d 770 (1982). Thus the bankruptcy of Harrell Oil Company offers defendant no relief.

**[4]**  In defendant's last assignment of error defendant Griffin contends the trial court erred by failing to find facts in support of summary judgment. This assignment of error is without merit. A trial judge is not required to make findings of fact for summary judgment. *Mosley v. National Fin. Co.*, 36 N.C. App. 109, 243 S.E. 2d 145 (1978), *cert. denied*, 295 N.C. 467, 246 S.E. 2d 9 (1978). This Court has previously held that findings of fact in a summary judgment order are ill advised because they indicate a question of fact was presented and resolved by the trial court. *Carroll v. Rountree*, 34 N.C. App. 167, 237 S.E. 2d 566 (1977).

We have considered defendant's remaining assignments of error and view that they are without merit. We conclude, after careful examination of the record presented on this appeal, that no genuine issue of material fact exists. We find the court's entry of summary judgment and its order that defendant C. B. Griffin, Jr. pay the indebtedness of the principal debtor according to the unambiguous terms of the guaranty should be

Affirmed.

Chief Judge HEDRICK and Judge WHICHARD concur.